THE J. BURTON COMPANY, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed October 26, 1908—Rehearing denied Dec. 3, 1908.*

1. MUNICIPAL CORPORATIONS—*city has same power over alleys as over streets.* In Illinois there is no distinction, in law, between a public street and a public alley, and the city has the same power and jurisdiction over the one as over the other; nor does the fact that streets usually have sidewalks and alleys usually have none constitute a legal distinction.

2. SAME—*roadway of street is not necessarily limited to space between curb lines.* The roadway of a street is the portion used for horses and vehicles and may be co-extensive with the street itself, and is not necessarily limited to the space between curb lines.

3. SAME—*same words used in different parts of ordinance will ordinarily be given the same meaning.* The same words occurring in different parts of an ordinance will be given the same meaning when construing the ordinance unless the context requires different meanings.

4. SAME—*an ordinance construed as precluding permit to use space under surface of alley.* An ordinance declaring that no person shall use any space underneath the surface of any street or other public ground without a permit, and that no permit shall issue for the use of space under the surface of the roadway of any street or other public ground, is intended to regulate the use of the space under sidewalks but precludes any permit to use the space under the surface of alleys as well as streets.

5. SAME—*when city is not estopped by issue of permit.* Where an ordinance prohibits the issuing of any permit for the use of the space under the surface of an alley, the fact that the commissioner of public works issues such a permit and accepts the bond

and compensation required does not estop the city from denying the validity of the permit, even though the person to whom it was issued has incurred expense on the faith thereof, as he is charged with notice of the want of authority of the commissioner of public works to issue the permit.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

EDWARD J. BRUNDAGE, Corporation Counsel, EDWIN H. CASSELS, WILLIAM D. BARGE, and EMIL C. WETTEN, for appellant.

FRED A. BANGS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Appellee, the J. Burton Company, filed its bill in the circuit court of Cook county against the city of Chicago and three individuals, to enjoin them from interfering with the work of excavating for and building a vault under an alley in the city of Chicago. The bill alleged that the complainant was the owner of certain real estate, in the rear of which was a public alley over which the city had jurisdiction and control; that on February 5, 1908, the city council passed an ordinance the first two sections of which are as follows:

"Sec. 1. No person shall use any space underneath the surface of any street or other public ground in this city, or construct or maintain any structure thereunder, without first obtaining a permit so to do from the commissioner of public works of the city. No such permit shall be issued except as hereinafter provided, and no such permit shall be transferred or assigned, nor shall any right or privilege thereunder be transferred or assigned without the written consent of the commissioner of public works.

"Sec. 2. Application for such permits shall be in writing, stating specifically the space desired, its length, breadth and depth, the use intended to be made thereof and the structure to be built therein. No permit shall be issued hereunder for the use of any space under the surface of the roadway of any street or other public ground."

Section 3 provides that "every applicant for such permit shall file with his application his bond * * * for the maintenance of the street, alley or other public way, or the sidewalk over such space, as the case may be, in such condition that said street, alley or public way, or the sidewalk, shall at all times, after such structure is completed or such space is covered, be safe for public use." Section 4 provides that "the person, firm or corporation making, using or maintaining any structure or using space underneath the surface of any street, alley, public way or public ground, shall render to the city, as the annual compensation for such use," a sum to be determined according to a rule stated. Section 6 provides that "if any person now using any space underneath any street, public alley, sidewalk or public way shall fail to take out a permit for such use, as herein provided, within ninety days after this ordinance is in effect, then the commissioner of public works shall proceed to remove every such structure and close the space therein." Section 11 provides that "nothing in this ordinance contained shall be held or construed to apply to any person now using any such space underneath the surface of any street or other public ground according to the terms of any ordinance heretofore passed which requires the payment of compensation for such use if such person is making such payments nor so long as such payments are made according to the terms of such ordinances. * * * Nothing in this ordinance contained shall preclude the city from revoking any permit issued hereunder when the space described in such permit is needed for public use."

236—25

It was further alleged that on April 12, 1906, the commissioner of public works issued a permit to complainant to excavate for, construct and maintain a vault sixteen feet in width underneath the surface of the alley, in accordance with plans prepared for said work and approved by the commissioner, and that the complainant paid to the city the sum of five dollars as compensation from May 1, 1906, to November 1, 1906, as provided by the permit, and filed a bond in compliance with the terms of the ordinance. The bill then alleged that upon the opposite side of the alley, and abutting thereon, was property owned by Kupka, Bocek and Peklo, who were made parties defendant; that the complainant had in process of construction a building upon its property and had commenced to excavate, and that these opposite owners had complained about the excavation and had requested a certain alderman to see that the city should stop the excavation and prevent the use of the vault; that they were endeavoring to secure the co-operation of the city and had threatened by force to prevent the complainant from doing the work and using the space under the alley, and unless they were prevented from so doing they would stop the work of excavation; that since the granting of the permit the complainant had caused plans to be prepared for the construction of the building and of the vault, and had erected a boiler house in such a position that if it was unable to use the vault it would be obliged to make changes and alterations in the building at an expense of $2500. It was then further alleged, upon information and belief, that the owners of the real estate on the opposite side of the alley had endeavored to intimidate the workmen employed on the excavation, had threatened them with violence and bodily injury, and that the city, in consequence of their activity, had threatened to stop the work and had taken some steps toward that end. The prayer of the bill was for an *injunction restraining* the defendants from in any way interfering with or preventing, either by

threats or actions, the excavation of the alley, the construction of the vault or the use and occupation of the space under the alley, and restraining the city from revoking the contract.

The complainant dismissed the bill as to the individual defendants. A demurrer interposed by the city of Chicago was overruled, and the city electing to stand by its demurrer, a decree was entered in accordance with the prayer of the bill. From a judgment of the Appellate Court affirming this decree an appeal is now prosecuted to this court.

It is claimed by the appellant that section 2 of the ordinance set out in the bill prohibits the issuing of a permit for a vault under the roadway of an alley, while the appellee insists that the prohibition of that section has no application to alleys. Reading sections 1 and 2 together there would seem to be little occasion for construction. The words are to be given their usual and popular meaning, and the same words occurring in different parts of the ordinance are to be given the same meaning unless the context requires different meanings. The two sections read together declare that no person shall use any space underneath the surface of any street or other public ground without first obtaining a permit so to do, and that no permit shall be issued for the use of space under the surface or roadway of any such street or other public ground. It is apparent that the object of the ordinance was to prevent the use of the space under sidewalks by adjoining owners without compensation to or regulation by the city, and to provide for its lawful use under proper regulations under the control and direction of the city authorities and upon payment of compensation provided for and regulated by law. The title of the ordinance is: "An ordinance concerning the use of streets and alleys and the space under sidewalks by private persons." It manifestly was not contemplated that a permit should be given, under any circumstances, for the private use of space under any roadway.

That was not the subject matter of the ordinance.. It is not to be imagined that the words "any· street or other public ground," occurring in the first sentence of the ordinance prohibiting the use of the space under "any street or other public ground"· without a permit, were understood to have any different· meaning from the same words used in the same connection to prohibit the issue of any such permit to use the space under any roadway. If the prohibition in section 2 constitutes a proviso or exception to section 1, it is hardly to be supposed that the words of the proviso or exception were intended to have a different meaning from the same words in the enacting clause, the operation of which words in the enacting clause was to be qualified·or restrained by those of the proviso or exception. If the words "any street or other public ground" were sufficient in the enacting clause to include alleys, they must be sufficient in the·proviso to except them.

Counsel for appellee assumes that the word "roadway" means a portion of a street between two curbs, two sidewalks, and in some instances two parkways, and that this court will take judicial notice that in the city of Chicago the alleys have no sidewalks. Each·of these assumptions is wholly unwarranted. The roadway of a street is the portion·used for horses and vehicles and may be co-extensive with the street. Alleys usually have no sidewalks, but we do not take·notice ·that all alleys have, or any particular alley has none. The power and jurisdiction of the city over the public alleys of the city are identical with its power and jurisdiction over the streets of the city. In this State there is no distinction, in law, between a public street and a public alley. The only popular distinction between them is the difference in width, and that distinction is as indefinite as the difference between a narrow-tired wheel and a broad-tired wheel. There is no certain width on one side of which a public highway is a street while on the other side it is an alley. Nor can it be said that a public

way having a sidewalk on one or both sides is a street, while another public highway, identical in every other respect but without a sidewalk, is an alley. The words "streets and alleys" are constantly used in collocation, and in the legislation of the State are nearly always met with together. The method of establishment and vacation, the character of the title acquired and the trust upon which it is held, the kind of use, the manner of improvement, the jurisdiction and power of the municipality as well as its liabilities, are identical in the case of streets and of alleys. The establishment of sidewalks is under the control of the municipality, and it may establish sidewalks on either or both sides of a narrow street or omit them altogether from a wide one, but the highway is not thereby changed from alley to street, or *vice versa.*

It is insisted that to give effect to the words in sections 3, 4 and 6 in regard to the space under any street, alley, public way, sidewalk or public ground, it is necessary to hold that the exception to section 2 does not include the space under an alley. To reach this conclusion counsel asks us to hold that the meaning of the word "street" in the exception is restricted by the use of the word "roadway" to a street having not only a roadway but other surface, and that thereby the words "or other public ground" are restricted to other public ground having roadway and other surface. Then we are asked to hold, as a matter of law, that an alley has only a roadway and no other surface, and therefore is not included in the exception. There is no allegation in the bill that there are no alleys having sidewalks in the city of Chicago, and we do not know that such is the fact.

The rule that contemporaneous, long, uniform and practical construction by administrative officers of a statute will be followed by the court in doubtful cases has no application here, because no such construction is shown and it is not a doubtful case.

The objection that the ordinance is void because it operates partially is not valid, because it does operate alike upon all persons similarly situated, except in cases of contract rights acquired prior to its adoption.

It is claimed that the appellant having, through the commissioner of public works, granted the permit and accepted the bond and compensation from appellee, is estopped to deny the validity of the permit. It is conceded that the city had the authority to grant a permit to make the excavation and construct the vault in question, but the commissioner of public works had no such authority. On the contrary, the ordinance prohibited his doing so. The appellee, in applying for the permit, must be held to have known the commissioner had no power to grant it. The permit itself purports to be issued in pursuance of the ordinances of the city, and the bond given by the appellee is conditional for keeping the sidewalk in repair and for a compliance with the ordinances of the city regulating the use of space underneath sidewalks. The agent of a municipal corporation can no more bind the corporation in its private corporate capacity beyond the authority conferred upon him than an agent of an individual can bind his principal beyond his authority. The mere issue of the permit gave no right to appellee, because the commissioner of public works was without authority to issue it.

It is earnestly contended that the case of *Gregsten* v. *City of Chicago,* 145 Ill. 451, is decisive in favor of the validity of the permit in this case and of the right of appellee to construct and maintain the vault. It is not, however, in point here. In that case the ordinance authorized the issuance of a permit, and the only objection to its regularity was, that it was not shown that the bond required of the applicant had been approved by the city council. It was shown that Gregsten had excavated and constructed the vault at great expense, occupied it for twenty years, in accordance with the permit, with his boilers and apparatus

used in connection with his adjoining building, and had during all that time, at his own expense, maintained and kept the alley in repair,—all with the full knowledge of the city authorities. It was held that from its long acquiescence in the use of the alley in accordance with the permit, the approval of the bond by the city council would be presumed. It was then held that the permit and bond constituted a contract not revocable by the city at its pleasure. In that case a contract was entered into by officers properly authorized to make it, and it was held binding on the city. In this case the officer was expressly prohibited from issuing the permit. Nothing tending to establish an estoppel is shown. The ordinance was passed February 5, 1906, the permit was issued April 12 and the bill was filed October 3.

It is alleged that the appellee has begun the excavation of the alley, has had plans prepared looking to the construction of its building and the occupation of the space under the alley in connection therewith, and has let its contracts for construction and ordered building material in contemplation of using the space under the alley, and that it will be put to great expense if it cannot use such space and is obliged to change its plans. This action of appellee was, however, taken on its own responsibility, relying upon an invalid permit issued at its own instance without any authority, and was not induced by any action of the city or any of its officers, or even, so far as appears, with their knowledge.

The bill does not show that the complainant is entitled to the relief prayed for, and the demurrer to it should have been sustained.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause remanded to the circuit court, with directions to sustain the demurrer to the bill.    *Reversed and remanded, with directions.*