(No. 10923.—Reversed in part and remanded.)

THE FIRST NATIONAL BANK OF CHRISMAN *et al.* Defendants in Error, *vs.* OLIVER L. WATSON *et al.* Plaintiffs in Error.

*Opinion filed February 21, 1917.*

1. CONTRACTS—*when contract for re-conveyance of land may be rescinded.* A contract whereby one of the parties to an exchange of lands agrees to re-convey the property acquired by him to a trustee for the creditors of the other party provided he shall receive back his own property in the condition it was at the time of the exchange may be rescinded, even though the deeds have passed, where such party discovers that between the time of the agreement and the exchange of the deeds such creditors have incumbered his own property with judgment liens, which they decline to release.

2. COSTS—*when costs should not be adjudged against the cross-complainant.* Where a person, acting in good faith, files a cross-bill in a creditors' bill proceeding and alleges a rescission of his contract to re-convey certain property to a trustee for the creditors because the latter refuse to release judgment liens placed by them upon the property he was to receive in exchange for the conveyance, the fact that he thereafter accepts the releases of such liens

and abandons his claim for rescission without making any additional or unnecessary costs does not justify adjudging costs against him from the time of his acceptance of the releases although the original bill and cross-bill are both dismissed for want of equity.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. JOHN H. MARSHALL, Judge, presiding.

CHARLES S. McNETT, for plaintiffs in error.

W. H. CLINTON, DYAS & DYAS, FRED RHOADS, WALTER S. LAMON, F. C. VANSELLAR, SHEPHERD, TROGDON & DOLE, JAMES K. LAUHER, STEWART W. KINCAID, and J. W. & E. C. CRAIG, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 25, 1915, Charles Hoult was the owner of 714 acres of farm lands in Edgar county, with the personal property thereon, and on that day he executed a deed, in which his wife joined, conveying the land to Oliver L. Watson, of Cook county, to whom he also sold the personal property, and Watson and wife executed a deed to Hoult for a leasehold estate in land located at Clark street and Fullerton avenue, in Chicago, a residence property known as 2027 Howe street, in that city, subject to a mortgage, and a farm in Berrien county, Michigan. On the same day, following the recording of the deed from Hoult and wife to Watson, nine judgments were confessed in the circuit court of Edgar county against Hoult and others, makers of notes amounting to $24,373.94, and on the next day the First National Bank of Chrisman, Illinois, and the First National Bank of Paris, Illinois, two of the judgment creditors, filed their bill in equity in the same court against Hoult, Watson and others to set aside the conveyance of the land and personal property on the ground that the consideration was inadequate and the transfer made for the purpose of defraud-

ing them and other creditors. Watson and wife answered the bill, denying that the consideration was inadequate or that the transfer was made for the fraudulent purpose alleged. Intervening petitions were filed by other judgment creditors, and on February 10, 1915, the judgment creditors entered into a contract with Hoult and the other judgment debtors by which it was agreed that the judgment debtors should secure from Hoult and wife a re-conveyance and re-transfer of all the real and personal property except $2900 in money which had been paid to Watson, and that a trustee of the real and personal estate should be appointed and the status restored under conditions therein provided for, and various stipulations to secure the parties. In pursuance of that agreement Hoult proposed to Watson that he should take back his properties as they were before the exchange, keep the $2900 and receive $2000 additional, to be paid by Hoult's creditors, and that Watson and wife should re-convey to a trustee agreed upon by Hoult and his creditors the 714 acres of land and the personal property. Watson accepted the proposition, and on February 20, 1915, with his wife re-conveyed the lands and property to Fred Baber, trustee. Deeds from Hoult and wife conveying to Watson the Chicago and Michigan properties were executed and bore the same date. Afterward, Fred Baber, the trustee, sent $2000 to Watson and the deeds were delivered. Watson placed the deeds to him on record on March 3, 1915, and on examination of the record discovered that on the previous day, after the agreement and during the execution of it, three of the creditors had filed in Cook county transcripts of their judgments, which, with two other transcripts previously filed, created liens of $13,503.45 against the property re-conveyed, so that he had not received his property, as agreed, in the same condition as when conveyed to Hoult. He demanded that the judgments against his property be released, and sent releases dated March 30, 1915, to Edgar county to be executed by the various judg-

ment creditors. His demand was not complied with, and on April 19, 1915, he tendered to Hoult deeds again conveying to Hoult the Chicago and Michigan real estate, which Hoult refused to accept, and he also on the same day tendered $2000 to Fred Baber, trustee, who likewise refused to accept the money. On April 28, 1915, Watson filed his cross-bill in the suit in the circuit court of Edgar county, alleging the fact that the creditors had incumbered his property in Cook county with the judgment liens and that he had re-scinded the contract for the re-exchange on that ground. The cross-bill was answered, and the cause came on for hearing upon the original bill and answer and the cross-bill, answer and replication, and the court having heard the evidence, found there was no equity in the original bill or in the cross-bill except as to the costs of the cross-complainants up to December 28, 1915. The court dismissed the original bill for want of equity at the complainants' cost and also dismissed the cross-bill for want of equity, except that the complainants therein were decreed to recover their costs up to December 28, 1915, and were adjudged to pay all the costs after that date. This suit was begun by writ of error to bring the record to this court for review.

When Oliver L. Watson found that his Chicago property had been re-conveyed to him subject to judgment liens and his demand that the liens should be released was not complied with, he had a right to rescind the contract for a re-exchange of the properties for the reason that it had not been complied with in a material respect and his demands for such compliance had been disregarded. (*Thomas* v. *Coultas*, 76 Ill. 493.) The evidence showed that he acted in good faith and restored to Hoult the property which he had received, while the creditors who were parties to the contract had, while it was being executed, filed transcripts of judgments, incumbering the property to be restored to him. It is contended that he did not prove the contract between the Hoults and the judgment creditors, but it was

alleged in the cross-bill and expressly admitted by the answer, so that there was no occasion for proving it on the hearing. It is argued that he had no right to rescind because he did not release a mortgage of $30,000 given by Hoult to him on the Chicago property. There was no reason why he should release the mortgage lien on his own property, which would merge in the fee when the property was re-conveyed to him. After the contract was rescinded Watson could neither insist upon its performance nor could it be restored by the other parties without his consent. (*Graham* v. *Holloway,* 44 Ill. 385.) The subsequent conduct of Watson, however, was inconsistent with his declaration of a rescission of the contract. Although he declared a rescission by his cross-bill he did not stand by it but received the releases and had them recorded, the last of the releases being acknowledged on December 27, 1915, at the hearing. For that reason the court did not err in dismissing his cross-bill.

The court found that there was no equity in the original bill nor in the cross-bill but adjudged the costs against Watson from the time when his property was finally freed from the judgments at the time of the hearing. The costs in a chancery case are in the discretion of the court, but the discretion should be exercised in accordance with the equities of the parties. Watson had a right to file his cross-bill, but the court only allowed him to recover costs up to the time that his land was cleared of the liens. He had acted in good faith and did not refuse the releases or make additional and unnecessary costs, and no costs should have been adjudged against him.

The decree is reversed as to the costs adjudged against the cross-complainant and the cause is remanded, with directions to require the defendants to the cross-bill to pay all the costs.

*Reversed in part and remanded, with directions.*