## The People of the State of Illinois ex rel. Michael L. Deddo, Appellee, v. William Hale Thompson, Mayor, et al., Appellants.

### Gen. No. 23,120.

1. MUNICIPAL CORPORATIONS, § 82*—*how ordinance regulating building of garages may not be repealed, amended or suspended.* An ordinance declaring it unlawful for any person to locate, build or maintain a garage within 200 feet of any building or the grounds thereof used for a hospital or public school cannot be repealed, amended or suspended by an order of the city council directing the commissioner of buildings to issue a permit in contravention thereof and one on whose behalf such an order is issued receives no legal right by such order.

2. ESTOPPEL, § 94*—*when doctrine of estoppel in pais applies to municipal corporations.* While the doctrine of estoppel *in pais* is applicable to municipal corporations as justice and right may require, the application of the doctrine to them depends largely on the special facts and circumstances in each case.

3. ESTOPPEL, § 94*—*when doctrine of estoppel in pais applied to prevent city from refusing to issue license for garage.* Where a garage is built at great cost by one in reliance upon an order of the city council directing the building commissioner to issue a permit therefor, without which he would not have erected the building, and after he had obtained the consent of everyone interested to the erection and operation of the garage, the doctrine of estoppel *in pais* will be applied to prevent the city from refusing to issue him a license to conduct the garage, and mandamus will be granted to compel its issuance, even though the garage was constructed in violation of an ordinance regulating the distance of such buildings from schools and hospitals, of which ordinance the builder had knowledge.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 12, 1918.

SAMUEL A. ETTELSON, for appellants; RALPH G. CRANDALL, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

EUGENE L. McGARRY, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This appeal is from an order for the issuance of a writ of mandamus directed to appellants as respondents, commanding the issuance of a license to the relator to keep, conduct and operate a public garage for the storage and repair of automobiles upon certain premises in the City of Chicago. The question of the right to such writ arises upon overruling respondents' demurrer to the replication. It is agreed that the pleadings present the single question whether respondents are estopped to deny petitioner's claim of right to maintain and operate his garage at the premises referred to.

The controlling facts are that a city ordinance declared it unlawful for any person to locate, build, construct or maintain a garage within 200 feet of any building or the grounds thereof used for a hospital or public school; that the City Council passed an order directing its Commissioner of Buildings to issue a permit to relator to construct a garage at the premises in question, according to plans to be approved by the Department of Buildings; that the garage was within the prohibited distance from a hospital and school; that the authorities of each and the owners of property in the block of the requisite frontage gave their consent to the issuance of the permit; that the permit was issued; that in conformity therewith the relator constructed a building for garage purposes at a cost of $30,000; that afterwards when he applied for a license to conduct and operate the garage it was denied on the ground that the building was within 200 feet of a public school and hospital and because the ordinance prohibited its issuance under such circumstances.

It is conceded that the ordinance cannot be repealed

or amended or suspended by such order (*People v. Latham,* 203 Ill. 23, and cases there cited), and that no legal right was conferred thereby on relator. (*Burton Co. v. City of Chicago,* 236 Ill. 383.) But appellee contends that the facts present a case for the application of the doctrine of estoppel *in pais,* in that the relator acting in good faith under affirmative acts of the city has made expensive and permanent improvements that would not have been made but for the order in question and which cannot be put to any other practical use without an additional expenditure of $50,000, which the relator is unable to raise.

It has been frequently held in this State that the doctrine of estoppel *in pais* is applicable to municipal corporations, and that they will be estopped or not "as justice and right may require." But it depends largely on the special facts and circumstances in each case whether the doctrine will be applied. The exposition of the doctrine is fully stated in *People v. City of Rock Island,* 215 Ill. 488, and Dillon on Municipal Corporations (5th Ed.), vol. 3, sec. 1191, and several Illinois cases are referred to where it was applied. In said case the court said what is particularly applicable to the facts here, that "where a party acting in good faith under affirmative acts of a city has made such expensive and permanent improvements that it would be highly inequitable and unjust to destroy the rights acquired, the doctrine of equitable estoppel will be applied." The court also referred to two conditions of fact also present here, "affirmative action by the public authorities with the apparent approval of everyone interested" and a change of position and great expenditure which would not have been made but for the positive action of the city and its officers.

Most of said Illinois cases involved the private use of a public street or ground by one who had been induced or encouraged to make permanent improve-

ments or large expenditures connected with such use in reliance on some act or conduct of the municipal corporation. While the public right was not questioned, the assertion of it under the special circumstances was deemed wholly inequitable and unjust, and the doctrine of estoppel was applied on the broad basis of what "justice and right required."

The same basic facts of estoppel *in pais* are here—establishment of permanent improvements at great cost in reliance upon an affirmative act of the city without which they would not have been made, and an attempt to prevent their use by the city on the ground that its act was unlawful.

The doctrine being applied primarily to prevent wrong and injustice, we apprehend that the city may be estopped from questioning its own conduct in refusing to act when under the same circumstances it would not be heard to assert its right to the detriment of one it had induced to act in good faith upon its assumed authority.

We recognize the right and duty of the city generally to enforce its valid ordinances. But in *Martel v. City of East St. Louis*, 94 Ill. 67, the city was estopped from recovering a penalty under its ordinance forbidding the keeping of a dramshop without a license, where such keeping was induced by the act of its officers. It is equally unjust that a city should refuse to issue a license to operate a garage which by the solemn act of its council it has induced the owner to erect at great cost with the expectation of receiving the license. In such a case the city ought not to be permitted to say when the license is applied for that he knew when it issued the permit to erect his building that such permit was unlawful or unauthorized.

Were it a question of enforcing the issuance of that permit under the order authorizing it, a different question might arise. And were it evident that any one

would be denied the protection the ordinance was designed to give, the fact that the relator acted with unquestioned knowledge of its existence might deprive him of equitable standing. But as apparently all interested parties expressly consented to the erection and use of the garage, it may be assumed, without facts to the contrary, that such use would not contravene any real purpose of the ordinance. The only respect in which the building does not conform to the ordinance requirements is in shortage of distance from the school and hospital. But that is so slight that the objects of the ordinance would hardly be deemed affected thereby. It is more a departure from the letter than the spirit of the ordinance.

Appellants lay much stress on relator's presumed knowledge of the ordinance and limitation of the powers of municipal officers, and urge that estoppel will not be based on their illegal acts. (Citing *Seeger v. Mueller*, 133 Ill. 86; *Hope v. City of Alton*, 214 Ill. 102; *People v. Parker*, 231 Ill. 478; *Burton Co. v. City of Chicago*, 236 Ill. 383; *Wise v. City of Chicago*, 183 Ill. App. 215.) Where the doctrine has been invoked much depended upon the particular circumstances whether the aggrieved party was in a position to invoke it or the municipal corporation to oppose its application. Here appellants' claim is predicated on the conjunction of two facts, the city's unlawful act and the relator's presumed knowledge of it. These facts alone, however, have not always precluded application of the doctrine, especially if the circumstances were such as would produce great hardship, and promote a fraud and injustice. These facts were present in *People v. City of Rock Island*, 215 Ill. 488, *supra*, but the court referred to a "condition out of the ordinary," and laid special stress on the affirmative act of the city in inducing the injured party's course of action. In *People v. Wieboldt*, 233 Ill. 572, the doctrine was again applied in a mandamus pro-

ceeding where permanent improvements at large expenditure were made in reliance on the vacation of an alley by the City Council. The court was divided in opinion as to whether the vacation was a valid exercise of its power, but concurred in applying the doctrine.

While presumed knowledge of the powers of the city or its municipal officers has in some particular states of facts precluded one from invoking the doctrine, yet many cases may be found where such knowledge existed or was presumed and the doctrine nevertheless applied. Such is the fact in many of the cases above cited, and it has generally been applied where there has been an unquestioned affirmative act by the municipal corporation or its officers inducing a change of position and consequent injury that otherwise would not have resulted.

In denying its application in the cases cited by appellants, the facts in each case are distinguishable from those in the case at bar. In the *Seeger* case, *supra,* it was said that the aggrieved party could not be deemed to have been deceived or misled by the acts of municipal officers done without legal authority. While in the instant case the building permit was invalid because in contravention of the ordinance, yet it was not unlawful in the sense that the city exceeded its powers, as in most of the cases cited by appellants. It could have repealed or modified the ordinance so as to bring the individual case within its provisions. In the *City of Alton* case, *supra,* it was sought to enforce a contract against the city that was expressly prohibited by a valid ordinance. The *Parker* case, *supra,* involved a claim to money obtained and diverted by a town-meeting resolution at the instance of parties who knew that the town meeting had no such authority, and the court said that they were not misled or deceived by the void action which they procured to be taken. In the *Burton Co.* case, *supra,*

where one who had procured the Commissioner of Buildings to issue, without any authority whatever, a permit to construct a vault under an alley, the court said that what had been done in preparation for the construction "was not induced by any action of the city or any of its officers.". In the *Wise* case, *supra*, nothing had been done under an unlawful permit for a garage before the same was revoked. In none of these cases do we find present, as here, all the elements of estoppel and good faith based upon an affirmative act of a municipal corporation inducing a detrimental change of conditions. The judgment will be affirmed.

*Affirmed.*