## LeBaron Post Building Association's Appeal

*Walter H. Scott*, for appellants.

*Thomas W. Barber*, for Pennsylvania Liquor Control Board.

LAUB, J., March 30, 1946.—This is an appeal from the refusal of the Pennsylvania Liquor Control Board to grant a club liquor license to the LeBaron Post Building Association in the Borough of Union City. After protest on the part of a number of citizens of the borough, the board refused the license on the ground that appellant's premises are within 300 feet of the Union City High School.

The measurements made by the board were in accord with its established practice uniformly followed throughout the Commonwealth. These measurements (which began at the point where the school property line nearest the proposed licensed premises intersects the curb line and ended at a point in the curb line opposite the center of the entrance to the proposed licensed premises) indicate that the distance between the two is 181 feet.

The present appeal is based upon an allegation that the board abused its discretion in refusing the license. To support this contention, appellant contests the validity of the board's system of measurement. It also alleges an abuse of discretion by reason of the existence of a previous license within 300 feet of the same school, and the fact that the school board, by affirmative action, approved the issuance of the license in this instance.

In this Commonwealth the licensing power has been granted by statute to the Liquor Control Board. The provisions of the act providing for an appeal to the court do not imply that the latter shall constitute an

independent licensing authority. We are empowered to review the actions of the board and to reverse only in the event that it has acted illegally or has abused the discretion vested in it by law: Cubbison Hotel Liquor License, 28 Erie 44. The reasonableness of the provisions of the Liquor Control Act and the discretionary powers which it grants to the board are not properly for our consideration. Those are matters for the consideration of the legislature to whom the people, in their sovereign capacity, have delegated the law-making power.

Appellant offered proof that, at one time, the board had granted a license to another club within 300 feet of the same school. It is doubtful that this would constitute such an abuse of discretion as to justify a reversal (Easton Athletic Club License, 27 Northamp. 349) although the situation would undoubtedly be different if such a license had been granted under protest. In this case, however, the previous license was issued by the board under the provisions of the Pennsylvania Liquor Control Act of July 18, 1935, P. L. 1246. It was not until the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, that the board was given its present discretion to refuse a license because of its proximity to a church, hospital, charitable institution, school or public playground. Under the prior act, the board was obligated to issue the license upon receipt of the proper fees and bond, and upon being satisfied of the truth of the statements in the application and that the applicant was a person of good repute. The performance of a duty under statutory mandate cannot thus be the foundation for proof of a breach of discretion.

At the hearing, appellant produced a resolution passed by the Union City School Board which, in effect, approved the issuance of a license in this case. The member of the school board who identified the resolu-

tion stated that he and the majority of the other members of the school board who voted for the resolution were, in fact, actually opposed to the license because of its juxtaposition to the school. He offered in explanation of this apparently inconsistent position that the resolution was passed in deference to a fellow member of the school board who was also a member of appellant club.

An impeachment of the official action of the school board by an individual member thereof has no legal sanction and we are not disposed to treat it as valid. However, the discretion with which we are here concerned is that of the licensing authority and not that of the school board. The action of the latter body in approving a license is merely a gratuitous invasion of the former's discretionary field. We do not imply, however, that action by a school board in protesting a license should be so regarded. The proximity of a proposed license to an institution of the character described in the act, and many other facts pertinent to the consideration of the Liquor Control Board, may escape the most careful of investigators. In consequence, proper protests, upon legal grounds, by residents and official arms of a local community may bring to light facts and circumstances which might otherwise escape the board. To deprive it of this valuable assistance in the performance of its duties would not only place it in a difficult position with regard to investigation, but would also strip the public of its inherent right to hold its own agencies to account.

The method of measuring the distance between the place proposed to be licensed and any institution the proximity of which may cause the board, in its discretion, to refuse a license, has already been before the courts of this Commonwealth on several occasions. See Betoff's License, 36 D. & C. 32, and Kulbicas' License, 34 D. & C. 423. The act itself is not specific on the sub-

ject, leaving a reasonable method of measurement for the determination of the board.

While the method of measurement which obtains here is, under ordinary circumstances, reasonable (Appeal of Mennini, 157, November sessions, 1939) the board erred in its determination of the terminal point of such measurements. In considering the distance between the school and the most distant entrance to the proposed licensed premises, it terminated its measurements at a point in the curb line opposite to the center of said entrance. In adopting this terminal point it overlooked the fact that said entrance is located on an alley and is 82¼ feet back of the curb line of the street. An alley is conventionally understood as a narrow street in common use: Bailey v. Culber, 12 Mo. App. 175 (opinion not available; see 3 Words and Phrases 227). And the words "streets" and "alleys" are constantly used in collocation, there being no difference between them except an indefinite difference in width; J. Burton Co. v. City of Chicago, 236 Ill. 383, 86 N. E. 93.

In consequence, we are of the opinion that where an entrance to a licensed premises opens onto an alley, the board in its measurements must treat said alley as though it were a street and, if there be no sidewalk and curb, to make a reasonable allowance therefor.

An extension of the measurements taken by the board and following the suggested system above referred to will still leave the farthest entrance to the proposed licensed premises within the prohibited distance from the school, the nearest entrance to the licensed premises of course being much closer.

It is not an abuse of discretion for the board to refuse a license where the premises proposed to be licensed are within 300 feet of a church: Cubbison Hotel Liquor License, supra. There is so much confusion between decisions of the various courts throughout this

Commonwealth relative to the interpretation of the various provisions of the Liquor Control Act that we are not disposed to add to it by having different and conflicting decisions in our own jurisdiction. In the absence of any evidence substantially differentiating the facts in this case from those in the Cubbison case, supra, we are of the opinion that the conclusion of the board is reasonable and justifiable.

And now, to wit, March 30, 1946, the appeal from the decision of the Liquor Control Board is dismissed. Appellant shall pay the costs.