(No. 35771.—)

CITIES SERVICE OIL COMPANY, Appellee, *vs.* THE CITY OF
DES PLAINES *et al.,* Appellants.

*Opinion filed January 20, 1961.*

JAMES J. DOWD, City Attorney, of Des Plaines, (DONALD E. MOEHLING, and MARY V. NEFF, both of Chicago, of counsel,) for appellants.

E. GRAY HAYDEN, and MURPHY AND PEARSON, both of Chicago, (EUGENE DOONER MURPHY, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Cities Service Oil Company brought suit in the circuit court of Cook County against the city of Des Plaines and certain of its officers, to enjoin enforcement of an ordinance prohibiting the location of a gasoline station within 300 feet of any school, hospital, church or theater. From a decree granting relief the defendants appeal directly to this court, on the theory that validity of the ordinance is involved. A cross-appeal has been perfected from that portion of the decree ordering plaintiff to pay the costs and master's fees.

Plaintiff's property is located in a commercial zone, wherein filling stations are permitted uses. Less than 300 feet away is the Free Will Baptist Church. The real estate in question, together with other parcels, was acquired by the plaintiff on September 3, 1957, after about a year's negotiations with the vendor. The preceding August 30, the vendor had received a building permit for construction of

a gas station on the subject property. On October 16 transfer of the permit to the plaintiff was approved by the building commissioner, and construction was begun about February 19 or 20, 1958. According to the plot plan the underground tanks would be located 127 feet and the two pump islands 104 feet from the nearest boundary of the church property. About three weeks after construction was started, and after the footings, foundation work, installation of tanks, underground plumbing and rough grading of the property had been completed, the police appeared and stopped the work. By subsequent letter to the plaintiff dated March 19, 1958, the mayor revoked the permit, stating ordinance violation as the reason. The plaintiff by that time had paid the contractors $5,373.46 for work done; and the evidence showed that it would cost approximately $1,050 in addition to remove the improvements and restore the property to its former condition.

The master to whom the cause was referred found that before undertaking construction the plaintiff had attempted without success to secure copies of ordinances relating to service stations; that it had no knowledge the work was in violation of any ordinance; and that it acquired the real estate, obtained assignment of the building permit, and undertook construction in good faith. On exceptions to the master's report the court made similar findings, concluding that the construction work was undertaken by the plaintiff after affirmative action and apparent approval by the public authorities, and that the city and its officials are estopped from preventing erection of the service station.

The ordinance was adopted in 1955 and provides, among other things, that "no tank, container, pump, pipe or other equipment for the storage and handling of gasoline or any other flammable liquid shall be installed within 300 feet of the nearest boundary of any lot or plot of ground used for a school hospital, church, or theater." Penalties are provided for violations; and by the terms of the ordinance

each day that a violation occurs is deemed a separate and distinct offense. Plaintiff produced testimony that it had been given a copy of an ordinance no longer in effect, under which a 100-foot location was prescribed. Evidence was also introduced to show that the operation of a gasoline service station would not create a greater hazard to health and safety than other uses permitted in the immediate vicinity of the church; that the rules and regulations of the Illinois Department of Public Safety provide for a minimum distance of only 85 feet from any schoolhouse, church or hospital; and that elsewhere in the city there is a Lutheran church immediately adjacent to a service station and a high school under construction next to another gas station.

The power of cities to provide for the location of gasoline stations at reasonable minimum distances from schools, churches and the like is no longer open to question. Such ordinances are designed primarily to guard against danger from fires, and unless the particular requirement is shown to be arbitrary and unreasonable its validity will be upheld. (*Chicago Title & Trust Co. v. Village of Lombard,* 19 Ill.2d 98; *Schwartz v. City of Chicago,* 19 Ill.2d 62; *Bulk Petroleum Corp. v. City of Chicago,* 18 Ill.2d 383; *Jennings v. Calumet Nat. Bank,* 348 Ill. 108.) No such showing has been made in the case at bar, and that portion of the decree finding the ordinance to be unconstitutional as applied to plaintiff's property is without sufficient basis in fact.

Defendants insist that the court also erred in holding them estopped from preventing erection of the service station. The general rule is that a city cannot be estopped by an act of its agent beyond the authority conferred upon him. (*Rippinger v. Niederst,* 317 Ill. 264; *Burton Co. v. City of Chicago,* 236 Ill. 383; *Hibbard, Spencer, Bartlett & Co. v. City of Chicago,* 173 Ill. 91.) It has been stated that anyone dealing with a governmental body takes the risk of having accurately ascertained that he who purports to act for

it stays within the bounds of his authority, and that this is so even though the agent himself may have been unaware of the limitations on his authority. (*Federal Crop Ins. Corp.* v. *Merrill,* 332 U.S. 380, 384, 92 L. ed. 10, 15.) In matters involving strictly public rights the courts do not interpose to hold the municipality estopped except under special circumstances which would make it highly inequitable or oppressive to enforce such public rights. *Melin* v. *Community Consolidated School Dist.* 312 Ill. 376.

The general rule is qualified, however, to enable a party to invoke the doctrine where his action was induced by the conduct of municipal officers, and where in the absence of such relief he would suffer a substantial loss and the municipality would be permitted to stultify itself by retracting what its agents had done. (*City of El Paso* v. *Hoagland,* 224 Ill. 263; *Hurt* v. *Hejhal,* 259 Ill. App. 221.) In *River Forest State Bank* v. *Village of Hillside,* 6 Ill.2d 451, the plat of a subdivision was approved which made no provision for public sewer facilities; and building permits for two homes were issued authorizing the installation of septic tanks. After the owners had spent a large sum of money in preparation for the installation of septic tanks, the village passed an ordinance prohibiting the issuance of a building permit for any lot unless public sewer facilities were available. This court held the ordinance invalid, in its application to the property, on the ground that the owners had relied upon a course of conduct by the village from which they could reasonably infer the use of septic tanks would be acceptable, and that under the circumstances it would amount to a confiscation of their property if they were required to construct public sewer facilities.

In *Hurt* v. *Hejhal,* 259 Ill. App. 221, construction of an apartment building was undertaken which violated certain zoning restrictions in several respects. A permit had been issued by the building commissioner, and by resolution the city council thereafter authorized the owners to proceed

with the work. In a suit to enjoin further construction the court affirmed a decree for defendants, saying "The record shows a state of facts calling for the application of the rule that the city is estopped from interfering with the building on the ground that it violates an ordinance. Defendants apparently acted in good faith under the affirmative acts of the City of Berwyn and have made permanent improvements which it would be highly inequitable and unjust to destroy."

In *People ex rel. Deddo* v. *Thompson,* 209 Ill. App. 570, a Chicago ordinance declared it unlawful to build or maintain a garage within 200 feet of a hospital or public school. Pursuant to an order of the city council the commissioner of buildings issued a permit for construction of a garage on certain premises which, in fact, were within the prohibited distance from a hospital and school. After the garage was built the owner was denied a permit to operate it, on the ground that the building was located in violation of the ordinance. In affirming an order for a writ of *mandamus* commanding issuance of the license, the Appellate Court reviewed the authorities and concluded that while the permit conferred no legal right, under the doctrine of estoppel, which is applied primarily to prevent wrong and injustice, the city would not be heard to asserts its power to the detriment of one it had induced to act in good faith upon its assumed authority. See, also, *Phillips Petroleum Co.* v. *City of Park Ridge,* 16 Ill. App. 2d 555; *Deer Park Civic Ass'n* v. *City of Chicago,* 347 Ill. App. 346.

We think that under the special facts and circumstances in the case at bar it would likewise be inequitable for the city to enforce removal of the improvements installed in reliance upon the permit. Plaintiff has expended large sums of money in reliance upon the permit and the apparent acquiescence by the city officials. Insofar as this record shows the property was purchased, and improvements of a permanent character were made thereon, in entire good faith, after plaintiff was induced to believe no violation of

any law was involved. Although a comprehensive city plan was investigated and adopted in the interim, the permit in question remained outstanding for seven months before the mayor revoked it. Under these circumstances it would be highly unjust to enforce the public right and compel the plaintiff to suffer a substantial loss.

Defendants invoke the rule that every person is presumed to know the extent of a municipal officer's power; and they argue that unless the citizen is held to the responsibility of informing himself as to the existence of ordinances he would be "rewarded for remaining ignorant." There is no doubt that if one is aware of the applicable ordinance, or makes no attempt to know of it, the issuance of a permit contrary thereto does not create an estoppel against the city to forbid any further work on the building. (*Sinclair Refining Co.* v. *City of Chicago,* 246 Ill. App. 152.) It is also true that even in the absence of such knowledge, the mere issuance of an unauthorized permit and reliance thereon to one's injury does not provide grounds for relief. (*Burton Co.* v. *City of Chicago,* 236 Ill. 383.) In the case at bar, however, the lapse of seven months without any attempt to revoke the permit constitutes conduct on the part of city authorities from which it could reasonably be inferred that its issuance was, in effect, ratified. (See *City of El Paso* v. *Hoagland,* 224 Ill. 263.) We conclude that the facts and circumstances of this case are sufficient to raise an equitable estoppel against the city.

It is contended, for the first time in this court, that because the plaintiff proposes to install three tanks, each having a capacity of 4000 gallons, it is in violation of an ordinance prohibiting the storage of petroleum "in quantities exceeding 10,000 gallons in containers of not to exceed 5000 gallons capacity each." Aside from the fact that the question was not determined by the trial court, it is evident that the capacity of plaintiff's tanks is less than 5000 gallons each and that the restriction relating to totals is a restric-

tion on quantities actually stored, rather than on capacity. No violation of this restriction has been shown here.

Defendants make the further claim, also not raised in the trial court, that the plaintiff has an adequate remedy at law and is therefore not entitled to injunctive relief. The basis for this contention is that plaintiff's loss was caused by negligence of the building inspector, against whom an action could be brought for damages. The contention cannot be accepted. The case is an appropriate one for equitable relief. See *Sinclair Refining Co.* v. *City of Chicago,* 246 Ill. App. 152, 165.

By the cross-appeal it is urged that the court erred in taxing the costs, including master's fees in the amount of $1,503.95, against the plaintiff. The only matter argued in support of the contention is the fact that the equities of the case were found in the plaintiff's favor. There is nothing to show that plaintiff did not cause additional or unnecessary costs, or that there were no other considerations justifying the chancellor's decision in the matter. Under the statute it is within the discretion of the court to award costs or not (Ill. Rev. Stat. 1959, chap. 33, par. 18); and plaintiff has failed to show an abuse of discretion here. Cf. *First Nat. Bank of Chrisman* v. *Watson,* 277 Ill. 186.

Other points are raised by defendants which have no merit and need not be discussed. The decree of the circuit court is affirmed.

*Decree affirmed.*