Dr. James C. Parsons, Plaintiff-Appellant, v. Guild Grain Company, Inc., Defendant-Appellee.

Gen. No. 69–120.

Third District.

June 15, 1970.

Wilbur S. Johnson, of Geneseo, for appellant.

 

Herbert M. Spector, of Rock Island, for appellee.

STOUDER, J.

James C. Parsons, Plaintiff-Appellant, sought to enjoin Guild Grain Company, Inc., Defendant-Appellee, from constructing a grain storage bin on its premises. The Circuit Court of Henry County granted a preliminary injunction but after full hearing such preliminary injunction was dissolved and the court refused to enter a permanent injunction. It is from such action that this appeal follows.

The facts are largely undisputed. During and prior to July, 1967, the plaintiff and defendant owned adjacent lots in Geneseo, Illinois. On the lot of plaintiff, a medical doctor, was located a two-story building. The first floor was devoted to plaintiff's medical practice and the second floor was an apartment. In July, 1967, the defendant's lot was unimproved, a residence previously located thereon having been removed in 1964.

Across the street from the lots involved, the defendant operates a general grain and elevator business with facilities for storage, processing, drying, etc. On July 28, 1967, pursuant to application therefore, the defendant was issued a building permit by the Building Inspector of Geneseo to construct a new grain storage bin on its property adjacent to that of plaintiff. The proposed structure was 24 feet in diameter, 48 feet high and included an elevator leg extending above the storage bin with a pit at the bottom of the elevator leg.

Construction of the storage bin commenced in August, 1967. By early September concrete foundations had been constructed, the metal bin had been erected and the elevator leg had been partly erected. Early in September on account of high wind, the elevator leg collapsed and construction was suspended until the defendant and his contractor could decide what to do.

60

In February, 1968, plaintiff commenced this action seeking to enjoin the construction of the storage bin because such building violated the zoning ordinance of Geneseo. In the zoning ordinance the property of plaintiff and that of defendant upon which the storage bin was to be constructed are both within the area designated as "General Business." The property of defendant across the street is designated "Railway & Industrial." With respect to the general business classification, the ordinance describes specific types of use, concluding that unless permitted all other uses are prohibited. The railway and industrial classification permits all uses permitted in other districts unless prohibited and in addition, specifies particular uses including "grain elevators and grinding mills." According to plaintiff as alleged in his complaint, a grain storage bin is not a permitted use within the general business classification.

According to the testimony of John Guild, President of Defendant Corporation, prior to applying for a building permit, he showed plans for the proposed grain storage bin to the plaintiff indicating that the structure would be built rather close to the common lot line. Guild inquired of plaintiff as to whether the latter had any objections and the plaintiff indicated that he had none. The plan was thereafter presented to the Building Inspector and an application for a building permit made.

According to the testimony of the Building Inspector, he examined the defendant's plan, made an inspection of the area of the proposed construction, and considered the provisions of the zoning ordinance. He did not consult with the City Attorney. The Building Inspector after examining the zoning ordinance, found that grain storage was not a specified use under any classification. Because the general business classification permitted the storage of automobiles, machinery and also earth moving equipment he concluded that the storage of grain was a

similar use and issued the building permit for the grain storage bin.

Plaintiff, in addition to testifying to the ownership and improvements on his property, admitted that the plan had been shown to him and that he was aware of the construction which was taking place next to his office. Plaintiff also testified that at the time the plan was presented to him he did not realize what the proposed structure would look like.

Guild testified that a contract for the construction of the storage bin had been entered into for total consideration of $26,000, that $14,000 had already been paid to the contractor and the defendant was obligated for the balance. The structure was nearly 80% completed.

In seeking to reverse the trial court's action, the plaintiff argues that defendant's grain storage bin violated the Geneseo zoning ordinance and, therefore, plaintiff was entitled to have such violation abated by injunctive relief.

Notwithstanding plaintiff's insistence to the contrary, we believe the doctrine of equitable estoppel is applicable and supports the action of the trial court in denying the relief sought. If, as we believe, the plaintiff may be estopped from seeking injunctive relief for a violation of the ordinance, it is not necessary to determine whether the ordinance was, in fact, violated.

Plaintiff brought this action under Ill Rev Stats 1967, c 24, § 11–13–15, which authorizes a property owner within a certain prescribed distance of property with respect to which a violation of the zoning ordinance is involved, to seek injunctive relief to abate the violation. According to plaintiff, the right to enjoin the violation of the zoning ordinance as provided in such statute is not limited by equitable defenses or equitable considerations.

The statute above referred to does provide a procedure for permitting some property owners to enforce

violations of zoning ordinances where the municipality has not elected to do so. The statute described in broad language the violations of zoning ordinances for which relief may be sought, but the specific language contemplates injunctive relief which necessarily includes the application of equitable principles. Since no time is specified in the statute for a property owner to bring the action, it follows according to plaintiff, that he may bring the action at any time and his lack of diligence or bad faith would be immaterial. Merely stating the proposition demonstrates its absurdity and contradiction of equitable maxims.

■ As observed in Johnson v. City of Chicago, 107 Ill App2d 182, 246 NE2d 115, Paulus v. Smith, 70 Ill App 2d 97, 217 NE2d 527 and City of Chicago v. Zellers, 64 Ill App2d 24, 212 NE2d 737, the general rule is that the doctrine of equitable estoppel is not usually applied against a municipality where its agent may have exceeded his authority.

In Johnson v. City of Chicago, supra, the City revoked the building permit eight days after it was issued because the area of the lot was too small for the house to be constructed. The court declined to restrain the revocation of the building permit and indicated that the general rule precluding estoppel against the City was applicable where the City had acted promptly and the change of position or hardship on the property owner were minimal.

In Paulus v. Smith, supra, which involved the location of a sign within 400 feet of the center line of an expressway contrary to a billboard ordinance, the court declined to apply the doctrine of estoppel against the City. The court concluded that the City's paramount concern for the safety of those using the expressway was in effect superior to any other equitable consideration.

City of Chicago v. Zellers, supra, is a case where the party seeking to assert equitable estoppel against the

63

municipality was guilty of fraud or inequitable conduct which would have prevented the application of the doctrine in any event.

From the foregoing cases it may be observed that in each the court recognizes the general rule that equitable estoppel may not be urged against a municipality but, nevertheless, equitable considerations are discussed. Furthermore, the court in declining to bar the municipality on account of estoppel, does so by describing and holding that the equities do not favor the property owner.

Cities Service Oil Co. v. City of DesPlaines, 21 Ill2d 157, 171 NE2d 605, is a case which declines to apply the general rule because of the equities which existed. The City had issued a building permit even though the filling station and its underground tanks were to be constructed closer to a church property than the zoning ordinance permitted. More than seven months later and after the construction had substantially progressed, the City sought to vacate the building permit and prevent the unlawful use of the property. The court declined to prevent the construction and use of the filling station and held that under the existing equities the City was estopped from enforcing the violation of the ordinance.

Several observations in conclusion may be drawn from the above cases pertinent to the case at bar. First of all, it should be observed that each of the cases involves an action directly between the municipality and the alleged zoning violator and in each case, estoppel was asserted directly against the municipality. The reluctance of the courts to estop a municipality from enforcing a violation of its zoning ordinances is rather directly related to the nature of the relationship of the corporate authority to its various officers and agents and the public nature of a municipality. The same reasons for declining to apply equitable estoppel against an individual property owner

do not exist and indeed the equitable considerations are quite different.

In the case at bar the defendant applied for a building permit in good faith. The evidence is undisputed that fraud, deceit or misrepresentation are absent. The Building Inspector also issued the building permit in good faith and even in retrospect, it cannot be said that his decision was clearly wrong. In reliance upon the building permit, the defendant spent a substantial sum of money and incurred an obligation for a further substantial amount. On the precedential authority of Cities Service Oil Co. v. City of DesPlaines, supra, and the cases cited and discussed therein, we believe the City of Geneseo would have been estopped from preventing construction of the grain storage bin had it taken action therefor at the time plaintiff commenced this action.

Additionally, we have undisputed evidence that plans were shown to plaintiff by defendant prior to the application for a building permit and that plaintiff, although well aware of the construction, delayed more than six months before objecting thereto by filing this action. Under such circumstances, there is ample evidence for the trial court's conclusion that the equities were against plaintiff and in favor of defendant.

For the foregoing reasons the decree of the Circuit Court of Henry County is affirmed.

Decree affirmed.

RYAN, P. J. and ALLOY, J., concur.