THE CITY OF MARSEILLES, Plaintiff-Appellant, *v.* ARTHUR HUSTIS *et al.*, Defendants-Appellees.

(No. 74-151;

Third District—April 4, 1975.

Peter F. Ferracuti & Associates, of Ottawa (Mel Hoffman and Bradley Schwager, of counsel), for appellant.

Wolslegal & Armstrong, of Ottawa (Craig Armstrong, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the order of the circuit court of La Salle County denying the complaint for injunction filed by plaintiff, City of Marseilles, and holding the city was estopped from enjoining defendants, Arthur and Joan Hustis, from building a proposed improvement.

Defendants own property in an area zoned "R-2" single-family and two-family residence district under the Marseilles zoning ordinance adopted December 20, 1971. On February 22, 1973, the zoning officer of Marseilles sent a letter to Arthur Hustis which was to serve as the permit to construct a four-unit apartment building on the property. Upon receiving the permit the landowners proceeded with their plans and ordered certain building materials. On March 19, 1973, the zoning officer notified Arthur Hustis by letter that the planned construction was not authorized since the area was zoned R-2 rather than R-3 and his only alternative was to seek a variance. Mrs. Hustis testified that on either March 19 or 20 she spoke to the city clerk about the March 19 letter and was told that they would have to apply for a variance and that it was merely a formality. The city clerk admitted on cross-examination Mrs. Hustis had told her the defendants were proceeding with the building and that he had not told her not to. On March 21, 1973, Arthur Hustis applied for a variance and informed the city that since he already had permission he was continuing his plans. Up until March 26, 1973, the Hustis' had spent approximately $25 for electrical supplies, the lumberyard had taken estimates and Arthur Hustis had drawn up plans. On March 26, 1973, Hustis began construction. On April 27, 1973, he was notified of a meeting of the City of Marseilles Zoning Board of Appeals scheduled for May 3, 1973. Prior to the latter date Arthur Hustis had incurred approximately $1,500 in bills. At the May 3 meeting the defendants' request for a variance was denied. Defendants did not appeal. On or about June 4, 1973, the defendants laid the foundation and poured the concrete. On June 7, 1973, the city filed this action for an injunction.

Plaintiff city appeals the lower court's order on the ground that it was error to estop plaintiff from enjoining defendants' construction since defendants failed to demonstrate good faith reliance and substantial

reliance on the issuance of the permit and subsequent conduct of city officials. Plaintiff cites *Cities Service Oil Co. v. City of Des Plaines*, 21 Ill.2d 157, 171 N.E.2d 605, for the general principles that a city cannot be estopped by the act of its agent beyond the authority conferred upon him; that anyone dealing with a governmental body takes the risk of accurately ascertaining that he who purports to act for it stays within the bounds of his authority; and that in matters involving public rights the courts will not estop a municipality in the absence of special circumstances. We do not dispute these general principles and the court in the cited case goes on to state "[t]he general rule is qualified, however, to enable a party to invoke the doctrine where his action was induced by the conduct of municipal officers, and where in the absence of such relief he would suffer a substantial loss and the municipality would be permitted to stultify itself by retracting what its agents had done." The questions to be resolved here are whether defendants' actions were induced by the conduct of the municipal officers and whether in the absence of relief defendants would suffer a substantial loss.

In the *Cities Service* case, *supra,* the court held the municipality was estopped from preventing the erection of a service station in violation of a zoning ordinance because the plaintiff company had expended large sums in reliance upon a permit and the apparent acquiescence by the city officials. Plaintiff attempts to distinguish this case on the grounds that the holding there is not applicable to a situation such as the one at bar where defendants were aware of the ordinance violation and did not begin construction until after receiving notice of such violation. The city argues that because defendants received the letter of March 19, 1973, informing them of the zoning restriction they can not argue they were induced to act by the erroneous issuance of a permit by the zoning officer. Mrs. Hustis testified that after receiving the letter of March 19 she was told by the city clerk that obtaining the variance was only a formality and accordingly there was sufficient evidence to find that the Hustis' were induced to proceed with the planned construction. Plaintiff argues even if this were true defendants assumed the risk of having accurately ascertained that the person to whom he spoke stayed within the bounds of his authority. The general principle that a person takes the risk that the government officer to whom he speaks has the authority which he purports to have is not applicable here in light of the rule cited earlier to the effect that the doctrine of estoppel can be invoked where a party is induced by the conduct of municipal officers and where in the absence of relief he would suffer substantial loss.

Plaintiff argues further that the March 19 letter constituted a revocation of the permit. The letter reads as follows: "The territory on the hill on

which you plan to construct an apartment house is not an 'R-3' district and there are questions from landowners regarding a multiple-family dwelling which is not authorized in this area." It is sufficient here to hold that a letter from a municipality informing the holder of a permit that questions have arisen from landowners regarding the construction of an unauthorized building in the area does not constitute a revocation.

■■ In light of the facts that the permit was not revoked, the letter purporting to be a revocation did not direct the property owners to cease construction, the city clerk did not even suggest that construction should be terminated and no action was taken by the city to halt the project after receipt of defendant's letter requesting a variance and stating that he was going ahead with the construction, we hold defendants acted in good faith reliance upon the permit and the conduct of city officials. We hold further that the extent of the work completed (some excavation, forms and reinforcement rods put in, gravel laid and sewer lines uncovered) and the amount of the bills incurred (about $1,500) were sufficient to support a finding of substantial reliance. Plaintiff municipality is accordingly estopped from enjoining defendants from proceeding with the construction. See also *Emerald Home Builders, Inc. v. Kolton*, 11 Ill.App.3d 888, 298 N.E.2d 275.

For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

ALLOY and STENGEL, JJ., concur.