THE CITY OF PERU, Plaintiff-Appellee, *v.* TED B. QUERCIAGROSSA *et al.*, Defendants-Appellants.

Third District   No. 78-248

Opinion filed July 19, 1979.

Gary L. Gearhart, of La Salle, for appellant.

Charles W. Helmig and Douglas J. Schweickert, both of Peru, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Ted and Janice Querciagrossa, defendants, have brought this appeal from an order of the Circuit Court of La Salle County enjoining construction of a dwelling upon defendants' lot.

According to the stipulation of facts filed in the trial court, defendants own a small parcel of real estate upon which they want to build a 24' x 40' single family residence. Since the lot is located within the City of Peru, defendants applied for a building permit which was issued by the city zoning inspector on February 2, 1978. In their application for the permit, defendants set forth fully the dimensions of the proposed dwelling and the setback distances of the side, back and front yards. The zoning inspector advised defendants that they would have to use at least the same front- and back-yard setback distances as the burned-out structure then occupying the premises, and defendants accordingly planned for the new dwelling to be set back further than the previous house.

After receiving the permit defendants removed the fire-damaged structure, excavated a basement, and poured an 18" concrete footing. These improvements involved substantial expenditures of money by defendants. On March 22, 1978, the city received complaints from

neighbors and became aware for the first time that defendants' proposed dwelling would violate the city zoning ordinance in three respects: (1) the lot area would be 3,300 square feet, not 6,000 as required by ordinance; (2) the front yard would be 14.9 feet deep, not 25 feet; (3) the back yard would be 20.4 feet deep, not 25 feet. On March 27, 1978, the city council voted to rescind the building permit previously issued and to seek an injunction to prohibit construction of the proposed dwelling.

Suit was duly filed, and defendants in their answer pleaded, *inter alia*, the affirmative defense of equitable estoppel, alleging that they began construction in reliance upon the representations of the zoning inspector and that they will suffer a substantial loss if their permit is rescinded. The trial court ruled that the doctrine of equitable estoppel is inapplicable to the facts of this case and granted the injunction. On appeal from that order, the sole issue is whether the trial court erred in refusing to apply the doctrine of equitable estoppel.

Defendants call attention to the inherent unfairness of their situation. The city, through an authorized agent, expressly informed defendants as to the permissible setback lines and issued a building permit. In reliance upon the information given them, defendants commenced construction of a new residence, only to have the permit rescinded seven weeks later when the inspector's advice was found to have been erroneous. Thereafter, an injunction was issued restraining further construction work. A review of the relevant authorities persuades us that the trial court's ruling was erroneous.

In the leading case of *Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, 171 N.E.2d 605, the plaintiff oil company was issued a building permit to construct a service station on property located less than 300 feet from a church, and seven months later, after construction was underway, the defendant city revoked the permit because the city's zoning ordinance prohibited installation of gasoline tanks or pumps within 300 feet of any lot used for a church. The oil company filed suit to enjoin enforcement of the ordinance, and the city was held to be estopped from preventing erection of the service station. In reaching that decision, the supreme court stated:

> "The general rule is that a city cannot be estopped by an act of its agent beyond the authority conferred upon him. [Citations.] It has been stated that anyone dealing with a governmental body takes the risk of having accurately ascertained that he who purports to act for it stays within the bounds of his authority, and that this is so even though the agent himself may have been unaware of the limitations on his authority. [Citation.] In matters involving strictly public rights the courts do not interpose to hold the municipality estopped except under special circumstances which would make it

highly inequitable or oppressive to enforce such public rights. [Citation.]

The general rule is qualified, however, to enable a party to invoke the doctrine where his action was induced by the conduct of municipal officers, and where in the absence of such relief he would suffer a substantial loss and the municipality would be permitted to stultify itself by retracting what its agent had done." (21 Ill. 2d 157, 160-61, 171 N.E.2d 605, 607-08.)

The court noted that the oil company had been furnished a copy of an ordinance no longer in effect which provided for a 100-foot limitation, that the company had expended large sums of money in reliance upon the permit, and that the city waited seven months before revoking the permit. Under these circumstances, it was held to be inequitable for the city to require removal of the improvements.

The instant case closely resembles *City of Marseilles v. Hustis* (1975), 27 Ill. App. 3d 454, 325 N.E.2d 767, where this court found that the city was estopped from enjoining construction of an apartment building because the conduct of a city official induced the property owners to proceed with construction. In *Marseilles*, the property owners were issued a building permit, and one month later were notified that their proposed construction was not authorized since the area was zoned R-2 rather than R-3 and that their only alternative was to seek a variance. The owners then spoke to the city clerk who said that obtaining a variance was merely a formality. However, the request for a variance was later turned down. Neither the letter nor the city clerk suggested that construction should be halted. We ruled that the owners acted in good faith reliance upon the permit and the conduct of city officials, that their reliance was substantial, and that as a consequence, the city was estopped to enjoin construction.

The facts in the instant case likewise compel a finding that the city is estopped. Persons dealing with the zoning inspector would expect an official in that position to have knowledge of the zoning ordinance and to advise building permit applicants correctly. We think defendants were justified in relying upon the express instructions he gave them concerning setback lines and upon the building permit he issued. Clearly, it was this conduct of the zoning inspector which induced defendants to proceed with their building plans and to make substantial expenditures. The only conclusion that can be drawn from these facts is that the city is estopped to revoke the permit and to enjoin construction.

We have considered the recent decision in *Scanlon v. Faitz* (1979), 75 Ill. 2d 472, 389 N.E.2d 571, where a majority of the supreme court found the equitable doctrine of estoppel to be inapplicable in a case where the homebuilders applied for a variation from a minimum 50-foot frontage

requirement for lot size. The zoning board of appeals recommended that the variation be allowed and the village board of trustees approved the recommendation by adoption of a motion. Permits were issued and construction was commenced. The permits were subsequently rescinded after it was determined that the village board had failed to follow the statutory requirements for granting variations, which include 15 to 30 days' notice by publication and adoption of an ordinance. In refusing to allow the builders to proceed, the majority opinion emphasized the importance of complying with statutory procedures that provide for public participation in the consideration of a variation request. We distinguish *Scanlon* from the case before us because here the issue of noncompliance with statutorily mandated procedures is not presented. Also, in *Scanlon* the builder had the burden of showing a clear right to mandamus to compel the village to allow him to proceed. Accordingly, we conclude that *Scanlon* does not control here and that the doctrine of estoppel does apply.

Accordingly, the judgment of the Circuit Court of La Salle County is reversed.

Reversed.

STOUDER, P. J., and ALLOY, J., concur.