G.J.Z. ENTERPRISES, INC., Plaintiff-Appellee, v. THE CITY OF TROY, Defendant-Appellant (William Buchanan *et al.*, Intervenors-Appellants).

Fifth District  No. 5—90—0147

Opinion filed January 30, 1991.

Mark Levy, of Collinsville, for appellant City of Troy.

Floyd D. Peterson, Jr., of Law Offices of William W. Schooley, of Granite City, for appellants William Buchanan, Susan Buchanan, John Winning, Linda Winning, Dan Kurtz, Shirley Kurtz, Robert Garcia, and Cheryl Garcia.

John T. Papa, of Pratt & Callis, P.C., of Granite City, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

This is an appeal from a preliminary injunction granted to plaintiff. A hearing on a permanent injunction is yet to come.

Plaintiff purchased land in Troy, Illinois, believing the land was zoned R-3, *i.e.*, suitable for multifamily dwellings. It appears that the land actually was zoned R-2, *i.e.*, suitable for single-family dwellings.

The City of Troy mistakenly issued a building permit to plaintiff to build apartments on the land. Realizing its mistake, one month later, after the apartments were 70% complete, the city withdrew the building permit and issued a stop-work order.

Plaintiff filed a complaint to enjoin the city from revoking its building permit and also filed a motion for a preliminary injunction to enjoin the city from enforcing the stop-work order. The circuit court, after allowing homeowners in the area to intervene, issued a preliminary injunction preventing the enforcement of the stop-work order and preventing withdrawal of the permit. The city and the intervenors appealed.

●■ ■ One seeking a preliminary injunction must show (1) a clear, protectable right of that party; (2) an irreparable injury to this right if the injunction does not issue; (3) an inadequate legal remedy; and (4) likelihood of success on the merits. (*American National Bank & Trust Co. v. Chicago Title & Trust Co.* (1985), 134 Ill. App. 3d 772, 481 N.E.2d 71; *Houseknecht v. Zagel* (1983), 112 Ill. App. 3d 284, 445 N.E.2d 402.) When reviewing an issuance or denial of a preliminary

injunction, the role of the appellate court is to determine whether there was a sufficient showing to sustain the order of the trial court. (*First Condominium Development Co. v. Apex Construction & Engineering Corp.* (1984), 126 Ill. App. 3d 843, 467 N.E.2d 932.) In doing so, the appellate court is limited to examining the issues on their merits only insofar as is necessary to determine if the circuit court's findings are against the manifest weight of the evidence. *McRand, Inc. v. Van Beelen* (1985), 138 Ill. App. 3d 1045, 486 N.E.2d 1306.

Examination of the propriety of the issuance of this preliminary injunction necessarily, then, turns on the question of whether plaintiff might successfully impose upon the city an estoppel of enforcement of its zoning ordinance. This is true, because there still is some confusion manifest at this stage of the proceedings as to whether the land was zoned R-2 or R-3. If, at the hearing on the permanent injunction, it were found to be zoned R-3, then plaintiff may have established a case sufficient for the issuance of a permanent injunction. If, at the hearing on the permanent injunction, it were found to be zoned R-2, then plaintiff still may obtain a permanent injunction if plaintiff were to establish facts sufficient to estop the city from enforcing its zoning ordinance against the plaintiff and the land in question.

■ In *Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, 171 N.E.2d 605, the Illinois Supreme Court stated that municipalities are estopped from enforcing their ordinances only "under special circumstances which would make it highly inequitable or oppressive to enforce such public rights." (*Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, 161, 171 N.E.2d 605, 607, citing *Melin v. Community Consolidated School District* (1924), 312 Ill. 376, 144 N.E. 13.) To invoke the doctrine of estoppel, a party must show that he was induced by the conduct of municipal officers and would suffer substantial loss if the city were permitted to retract its previous representation. *Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, 161, 171 N.E.2d 605, 608.

The circuit court in the case at bar made an express finding "that there was no inducement on the part of the city." Yet, the circuit court enjoined the city. The city argues that the preliminary injunction ought to have been denied, because without a finding of inducement the city cannot be estopped from enforcing its building codes, and therefore, there is no likelihood of success on the merits when the permanent injunction is heard. Inducement indeed is the predicate to estoppel, and the order issuing the preliminary injunction inherently conflicts with the finding upon which it must be based; therefore, we examine the record to determine if the circuit court's finding that

there was no inducement by the city was against the manifest weight of the evidence.

■ G.J.Z. expressly conditioned the purchase of the land upon it being zoned for apartments, an R-3 designation. The seller provided to G.J.Z. the minutes of a town council meeting which indicated that the council had voted to change the zoning from R-2 to R-3. Relying on the minutes, G.J.Z. bought the land. Before construction, G.J.Z. contacted the city's building inspector, who said that the property was zoned R-2, but proceeded to "double check" with the city clerk. The city clerk provided the building inspector with minutes of the town council meeting which indicated a change in the zoning from R-2 to R-3. After reviewing the minutes, the inspector reviewed his plat; it also indicated R-3. With that, the inspector issued a building permit, and construction began.

The city cites *O'Laughlin v. City of Chicago* (1976), 65 Ill. 2d 183, 357 N.E.2d 472, as authority for the proposition that the mere issuance of a building permit does not establish inducement. In *O'Laughlin*, however, there was an express finding that O'Laughlin had misinformed the city on his application for a building permit. The court found that it was O'Laughlin who had induced the city to issue the permit by way of providing misinformation. Here, the facts are the reverse. G.J.Z. provided no misinformation. G.J.Z. merely inquired. It was the city that provided information in response to the inquiry made by G.J.Z. The city argues that the change in zoning never was completed because an ordinance never was enacted. The record establishes some confusion, but the confusion and any mistake are chargeable to the city, not G.J.Z., at least on the facts presented in the hearing on the preliminary injunction. The building inspector and city clerk would appear to a reasonable builder to be in a position to know the correct zoning status of the land in question. In fact, the circuit court in its order stated that it was reasonable for G.J.Z. to have relied on the representations of the city clerk and the building inspector. It is not the mere fact that the permit was issued, but rather "the particular facts and circumstances" surrounding the issuance of the permit that constitute inducement. (*O'Laughlin v. City of Chicago* (1976), 65 Ill. 2d 183, 191, 357 N.E.2d 472, 476.) We believe that these facts constitute inducement.

The circuit court's finding that the city did not induce G.J.Z. to build upon this land is reversed, and pursuant to Supreme Court Rule 366 (107 Ill. 2d R. 366), we enter a finding of inducement.

Inducement having been found, there no longer exists an inherently destructive inconsistency between the finding and the order is-

suing the preliminary injunction. Upon review, therefore, we find no error in the issuance of a preliminary injunction under these circumstances.

The circuit court is affirmed.

Affirmed.

WELCH and LEWIS, JJ., concur.