LOCAL 1274, ILLINOIS FEDERATION OF TEACHERS, AFT, AFL-CIO, Plaintiff-Appellant, v. NILES TOWNSHIP HIGH SCHOOL, DISTRICT 219, Defendant-Appellee.

First District (4th Division)    No. 1—94—4304

Opinion filed November 22, 1995.

Cornfield & Feldman, of Chicago (Gilbert Feldman, of counsel), for appellant.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Fay Hartog and Lisa A. Rapacz, of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Local 1274, Illinois Federation of Teachers, AFT, AFL-CIO, brought this action against the defendant, Niles Township High School District 219 (the District), seeking to obtain information regarding the District's parents and students pursuant to the Freedom of Information Act (the Act) (5 ILCS 140/1 *et seq.* (West 1992)). On cross summary judgment motions, the court granted judgment for the defendant on the basis that the plaintiff had failed to exhaust grievance procedures under its collective bargaining agreement. The plaintiff appeals, contending that (1) the court erred in ruling that it must attempt to obtain the desired information under its collective bargaining agreement prior to bringing suit under the Act; and (2) it is entitled to the desired information under the provisions of the Act.

In its complaint, the plaintiff alleged that in written correspondence, it had requested that the defendant make available a computer disc containing all the names and addresses of the parents and students comprising District 219. The plaintiff alleged that it needed this information in order to conduct surveys and otherwise communicate with the school community "in the preparation of [the plaintiff's] collective bargaining proposals." The defendant allegedly denied the plaintiff's request on the grounds that (1) a computer disc containing such information did not currently exist; (2) the defendant did not consider the information subject to disclosure, because the board of education had not designated it as "directory information" under the Illinois School Student Records Act (105 ILCS 10/6 (West 1992)); and (3) the Illinois Educational Labor Relations Act (115 ILCS 5/1 *et seq.* (West 1992)) precluded the plaintiff from entitlement to the information. Claiming that these reasons were insufficient to refuse production under the Act, the plaintiff sought a court order that the requested information be produced.

The parties submitted cross-motions for summary judgment.[1] (735 ILCS 5/2—1005 (West 1992).) The defendant's motion raised several defenses under the Act. Specifically, the defendant argued that the requested information was not maintained as a "public record" within the meaning of Act section 2(c) (5 ILCS 140/2(c) (West 1992)); that the desired relief was outside the court's jurisdiction as defined in section 11(a) of the Act; and that the release of such information would be an unwarranted invasion of the students' privacy. Alternatively, the defendant alleged that the plaintiff had failed to exhaust remedies under its collective bargaining agreement. In particular, the agreement provided for the plaintiff's right to obtain information for use in collective bargaining and contained a four-step grievance procedure in the event of any "violation or misinterpretation" of its provisions.

Following a hearing, the trial court entered an order granting summary judgment for the defendant. Without reaching the merits of the claim under the Act, the court determined that access to the information sought by the plaintiff was controlled under the collective bargaining agreement (hereinafter the agreement) and that, therefore, the plaintiff was required to exhaust its contractual remedies before proceeding with its claim under the Act. The instant appeal followed.

---

[1]As the plaintiff points out, it has failed to include a copy of its motion in the record on appeal, although the record does contain the supporting memorandum.

On appeal, the plaintiff argues that the court erred in determining that its right to information under the Act was contingent upon it first seeking relief under the agreement. Specifically, the plaintiff points out that (1) the Act contains no requirement for exhaustion of remedies prior to the initiation of a claim, and (2) the plaintiff's claim under the Act constitutes a separate and independent statutory claim that is not subject to the terms of the agreement.

At the time in question, the agreement contained the following relevant provisions:

*"ARTICLE XV*

\* \* \*

*Section 1. Grievance—Purpose.* The primary purpose of this procedure is to secure the lowest level possible equitable solution to the problem of the parties.

*Section 2. Grievance—Defined.* A grievance shall mean a complaint that there has been a violation or misinterpretation of any of the provisions of this AGREEMENT.

\* \* \*

*ARTICLE XVI*

\* \* \*

*Section 14. UNION'S Right to Information.* The BOARD shall furnish the UNION with the following documents and kinds of information as they are received, completed or compiled or as otherwise indicated:

\* \* \*

I. The BOARD shall \*\*\* make available to the UNION, upon request, any and all information, statistics and records *which may be relevant to negotiations* or necessary for the proper enforcement of the terms of this AGREEMENT." (Emphasis added.)

According to the plaintiff's original request, the information was sought for "the preparation of [collective] bargaining proposals." It is undisputed that when the defendant refused to tender the requested information, the plaintiff did not undertake grievance proceedings prior to filing its complaint. The defendant maintains that the above underscored language makes clear that requests for information for use in bargaining were covered under the agreement. Therefore, the plaintiff must endeavor to obtain it under the agreement prior to proceeding under the Act. We disagree.

■ It is true that an employee covered by a collective bargaining agreement must exhaust contractual remedies for all labor disputes prior to resorting to judicial remedies. (*Carnock v. City of Decatur* (1993), 253 Ill. App. 3d 892, 895, 625 N.E.2d 1165; *Uehlein v. Schwach-*

*man* (1987), 156 Ill. App. 3d 274, 277, 509 N.E.2d 493.) In a civil action, in order to state a valid claim for a dispute arising under a collective bargaining agreement, the employee must allege that he has exhausted the grievance and arbitration procedures set forth in the contract. (See *Republic Steel Corp. v. Maddox* (1965), 379 U.S. 650, 652-53, 13 L. Ed. 2d 580, 583, 85 S. Ct. 614, 616; see also 115 ILCS 5/10(c) (West 1992) (requiring that grievance procedures be established for all disputes "concerning the administration or interpretation of the agreement").) The exhaustion requirement is inapplicable, however, to claims not arising under the agreement, but that derive instead from State laws that " 'proscribe conduct, [and establish] rights and obligations, independent of a labor contract.' " *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 13, 503 N.E.2d 308, quoting *Allis-Chalmers Corp. v. Lueck* (1985), 471 U.S. 202, 212, 85 L. Ed. 2d 206, 216, 105 S. Ct. 1904, 1912.

*Gonzalez* involved two discharged employees covered by a collective bargaining agreement that precluded termination other than for "just cause" and established a grievance procedure to contest a discharge claimed to be invalid. The employees bypassed these grievance procedures and instead filed separate civil suits for retaliatory discharge. The employer moved to dismiss the suits, contending the employees' claims were preempted by the Labor Management Relations Act (29 U.S.C. § 185(a) (1982)) and that the employees were compelled to exhaust grievance procedures under their contract prior to bringing a State civil suit. *Gonzalez*, 115 Ill. 2d at 4.

The supreme court disagreed, finding that a retaliatory discharge claim was separate and distinct from anything encompassed under the collective bargaining agreement and that it was not subject to the preemptive power of Federal labor laws. The court adopted the test in *Allis-Chalmers*, that a cause of action will not be preempted where the asserted claim arises from nonnegotiable State-law rights conferred upon employees independent of any right established by contract. (*Gonzalez*, 115 Ill. 2d at 8-9.) On the other hand, preemption will bar a separate State action where " 'evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract.' " (*Gonzalez*, 115 Ill. 2d at 8, quoting *Allis-Chalmers*, 471 U.S. at 213, 85 L. Ed. 2d at 216, 105 S. Ct. at 1912; see also *Lingle v. Norge Division of Magic Chef, Inc.* (1988), 486 U.S. 399, 100 L. Ed. 2d 410, 108 S. Ct. 1877.) The court reaffirmed this rule in *Ryherd v. General Cable Co.* (1988), 124 Ill. 2d 418, 530 N.E.2d 431, pointing out that the right to challenge a retaliatory discharge arises out of fundamental State policy that "cannot be bargained away" in a collective bargaining agreement. *Ryherd*, 124 Ill. 2d at 430, 433; see also

*Krasinski v. United Parcel Service, Inc.* (1988), 124 Ill. 2d 483, 530 N.E.2d 468 (applying this analysis to permit separate State claim for malicious defamation).

■ Although the case at bar does not concern the question of preemption, we find the logic of the above cases applicable. As is clear from the complaint, this case will turn upon whether or not the desired information is subject to disclosure under the provisions of the Act, and the Act alone. There is no reference to the collective bargaining agreement, and resolution of the claim will not require analysis of the agreement's terms. Further, the plaintiff's claimed right to information derives not from the agreement but from a statute reflecting a policy that all persons are entitled to reasonable access to government information, with no restriction based upon intended use of that information. See 5 ILCS 140/1, 2(b) (West 1992).

We recognize that section 14(I) of the agreement also addresses the right to obtain information for use in collective bargaining. However, nothing in the agreement suggests that the parties intended a waiver of the right to seek information independently under the Act, even if such a provision were enforceable. Certainly, the Act itself contains no requirement that administrative remedies be exhausted prior to bringing a claim. Accordingly, the court erred in dismissing the plaintiff's complaint.

The plaintiff next proceeds to its substantive claim, arguing that it was entitled to the requested information under the Act. A review of the transcript and court order of November 30, 1994, reveals that the court did not reach this issue, but instead granted summary judgment for the defendant purely on the basis of failure to exhaust contractual remedies.

■ On review from a grant of summary judgment, this court's inquiry is limited to the record as it existed at the time the trial court ruled (*McCullough v. Gallaher & Speck* (1993), 254 Ill. App. 3d 941, 947, 627 N.E.2d 202), and to a determination of whether a genuine issue of fact existed, and if not, whether the judgment was correct as a matter of law. *Northbrook National Insurance Co. v. Nehoc Advertising Service, Inc.* (1989), 196 Ill. App. 3d 448, 452, 554 N.E.2d 251.

The judge unequivocally stated that he was not reaching the merits of the underlying claim, the plaintiff's right to the information under the Act. Indeed, a determination of this question would involve resolution of clearly disputed factual issues, such as whether the plaintiff's request is exempt from disclosure as an unnecessary violation of the students' personal privacy. (See 5 ILCS 140/7 (West 1992); see *Margolis v. Director of the Department of Revenue* (1989), 180 Ill. App. 3d 1084, 536 N.E.2d 827.) Accordingly, we do not reach the merits of the claim under the Act.

720

For the aforementioned reasons, the summary judgment granted by the court is reversed and this cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

CAHILL and THEIS, JJ., concur.