LOCAL 1274, Illinois Federation of Teachers, AFT, AFL-CIO, Plaintiff-Appellant, v. NILES TOWNSHIP HIGH SCHOOLS, District 219, Defendant-Appellee.

First District (5th Division)    No. 1—96—2024

Opinion filed February 28, 1997.

Cornfield & Feldman, of Chicago (Gilbert Feldman, of counsel), for appellant.

Klein, Thorpe & Jenkins, Ltd., of Chicago (Terrence M. Barnicle and Lance C. Malina, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Local 1274, commenced this action against the defendant, Niles Township High Schools, District 219 (the District), requesting disclosure of the names and addresses of all of the District's enrolled students and their parents under the Freedom of Information Act (hereinafter FOIA or Act) (5 ILCS 140/1 *et seq.* (West 1994)). The trial court granted summary judgment for the defendant, and the plaintiff now appeals.

This case is before this court for the second time. In the initial proceeding, the trial court granted summary judgment for the defendant, finding that before attempting to obtain the requested information under FOIA, the plaintiff was required to exhaust the grievance procedures under its collective bargaining agreement. This court reversed (*Local 1274 v. Niles Township High School, District 219*, 276 Ill. App. 3d 714, 659 N.E.2d 18 (1995)), concluding that the plaintiff had the right to seek the information under FOIA independent of any collective bargaining agreement. This court remanded the case for determination of the FOIA claim on the merits.

On remand, the plaintiff obtained leave of court to file its first-amended complaint. In that complaint, the plaintiff reiterated its demand for the names and addresses of the parents of students enrolled in District 219 for the purpose of "conduct[ing] mail surveys and otherwise communicat[ing] with the school community in the preparation of [collective] bargaining proposals." The complaint added that such information could be masked or scrambled as found necessary by the court in order to protect any confidentiality against disclosure.

The plaintiff then moved for summary judgment on its complaint. In the motion, the plaintiff stated that, in order to further ensure student confidentiality, the requested information could be furnished in one of three alternative ways: (1) by providing the names and addresses of the parents only; (2) by masking the names and providing only the addresses, which may be scrambled if necessary; or (3) by requiring the District to send out the plaintiff's mailings directly.

The defendant then filed a cross-motion for summary judgment, arguing that the information did not constitute a "public record" under section 2(c) of FOIA. The defendant also maintained that the

names and addresses revealed nothing about governmental affairs or official actions, would be of minimal value to the public, and would result in an unwarranted intrusion into the privacy of District parents. Finally, the defendant contended that the plaintiff could procure the desired parental input by other means, particularly, by soliciting parents directly.

Following a hearing, the trial court granted summary judgment for the defendant and denied the plaintiff's motion.

■ The sole issue on review is whether the names and addresses of the parents and students enrolled in District 219 must be produced under FOIA. FOIA is based upon the policy that persons must be given complete access to information "regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees." 5 ILCS 140/1 (West 1994); *American Federation of State, County & Municipal Employees v. County of Cook*, 136 Ill. 2d 334, 341, 555 N.E.2d 361 (1990) (hereinafter *AFSCME*). Like its federal counterpart, FOIA requires full disclosure unless the desired information is exempted under clearly delineated statutory language. *Lieber v. Southern Illinois University*, 279 Ill. App. 3d 553, 560, 664 N.E.2d 1155 (1996), *appeal granted*, 168 Ill. 2d 595, 671 N.E.2d 733 (1996); see also *United States Department of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, 127 L. Ed. 2d 325, 114 S. Ct. 1006 (1994) (hereinafter *FLRA*). At the same time, FOIA was not intended to be used to violate individual privacy, further a commercial enterprise, or disrupt the work of any public body. 5 ILCS 140/1 (West 1994); *David Blumenfeld, Ltd. v. Department of Professional Regulation*, 263 Ill. App. 3d 981, 988, 636 N.E.2d 594 (1993). The burden rests with the agency seeking to avoid disclosure to demonstrate that the requested information falls within one of FOIA's narrowly construed exemptions. *AFSCME*, 136 Ill. 2d at 341; *Cooper v. Department of the Lottery*, 266 Ill. App. 3d 1007, 1012, 640 N.E.2d 1299 (1994).

■ FOIA mandates that "[e]ach public body *** make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act." 5 ILCS 140/3(a) (West 1994). The term "public body" under the Act expressly includes all school districts. 5 ILCS 140/2(a) (West 1994); *Healey v. Teachers Retirement System*, 200 Ill. App. 3d 240, 558 N.E.2d 766 (1990). Section 7(1)(b) of the Act states in relevant part as follows:

"(1) The following shall be exempt from inspection and copying:
***

(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the

disclosure is consented to in writing by the individual subjects of the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to:

> (i) files and *personal information* maintained with respect to *** students or other individuals receiving *** educational *** care or services directly or indirectly from federal agencies or public bodies. " (Emphasis added.) 5 ILCS 140/7(1)(b)(i) (West 1994).

Names, addresses and telephone numbers constitute "personal information" under the Act, because they will reveal the identity of particular individuals. *Lieber*, 279 Ill. App. 3d at 561; *Margolis v. Director of Department of Revenue*, 180 Ill. App. 3d 1084, 1088, 536 N.E.2d 827 (1989). Additionally, the term "public bodies" in section 7(1)(b)(i) encompasses school districts. See *Lieber*, 279 Ill. App. 3d 553.

The plaintiff declares, with no citation to authority, that the information it seeks does not fall within any of the categories of exempt information in section 7(1)(b) of the Act. However, the plain language of section 7(1)(b)(i) belies this contention because the names and addresses of District parents indisputably constitute "personal information maintained with respect to *** students *** receiving *** educational *** services *** from *** public bodies." 5 ILCS 140/7(1)(b)(i) (West 1994). See *Lieber*, 279 Ill. App. 3d at 561. Thus, the information falls within that intended as exempt under section 7(1)(b).

■ Once material is found to fall under one of section 7(1)(b)'s categories of exemptions (5 ILCS 140/7(1)(b)(i) through (b)(v) (West 1994)), there is a split of authority as to whether or not the analysis is completed under the Act. The Fourth District Appellate Court has concluded that, once the court determines that one of the exemptions applies, information is *per se* excluded from disclosure. See *Copley Press, Inc. v. City of Springfield*, 143 Ill. App. 3d 370, 493 N.E.2d 127 (1986); see also *Healey*, 200 Ill. App. 3d 240, 558 N.E.2d 766. The first and third districts, on the other hand, go on to apply a four-pronged balancing test derived to determine whether disclosure amounts to a "clearly unwarranted invasion of personal privacy," as stated under section 7(1)(b). *Blumenfeld*, 263 Ill. App. 3d at 986, citing *City of Monmouth v. Galesburg Printing & Publishing Co.*, 144 Ill. App. 3d 224, 494 N.E.2d 896 (1986), and *Margolis*, 180 Ill. App. 3d 1084, 536 N.E.2d 827.

For purposes of this case, we need not determine which of the two approaches provides the proper analysis under FOIA; the mate-

rial sought by the plaintiff is exempt from disclosure under either test. As stated above, the names and addresses of the parents of students in the District fall squarely within the exemption of section 7(1)(b)(i); thus, they are excluded from disclosure under the *per se* test articulated in *Copley Press*.

In determining whether disclosure is required under *Margolis*, we apply the following four-pronged test, which balances (1) the plaintiff's interest in disclosure; (2) the public interest in disclosure; (3) the degree of invasion of personal privacy; and (4) the availability of alternative means of obtaining the requested information. *Margolis*, 180 Ill. App. 3d at 1089-90, citing *Minnis v. United States Department of Agriculture*, 737 F.2d 784, 786 (1984) (applying federal Freedom of Information Act, 5 U.S.C. § 552 (1988 & Supp. V 1993)); see also *CBS, Inc. v. Partee*, 198 Ill. App. 3d 936, 947, 556 N.E.2d 648 (1990).

■ As stated above, the plaintiff desires the information to enable it, through surveys and other home mailings, to involve parents of District students in the collective bargaining process and to inform them in the eventuality of labor strikes.

Several courts have previously determined, however, that the release of citizens' names and addresses under FOIA to facilitate unsolicited home mailings amounted to an unwarranted invasion of the citizens' personal privacy and exceeded the purposes of the Act. In *Healey*, a union sought the names and addresses of teachers in its bargaining unit in order to disseminate union literature and collective bargaining information. The court determined that such disclosure would reveal nothing about the "affairs of government or the official acts and policies of *** public officials" (*Healey*, 200 Ill. App. 3d at 244), but instead would operate mainly to further the union's aim of increasing its membership, all at the expense of the teachers' personal privacy. *Healey*, 200 Ill. App. 3d at 244. In *FLRA*, 510 U.S. 487, 127 L. Ed. 2d 325, 114 S. Ct. 1006, the Supreme Court rejected a similar union request under the federal Freedom of Information Act (5 U.S.C. § 552 (1988 & Supp. V 1993)), the model for the Illinois FOIA (see *Cooper*, 266 Ill. App. 3d at 1012; *Roulette v. Department of Central Management Services*, 141 Ill. App. 3d 394, 400, 490 N.E.2d 60 (1986)), determining that the public interest in disclosure was negligible at best and the information revealed little or nothing about the relevant government agencies and their activities. See also *Blumenfeld*, 263 Ill. App. 3d at 989.

We agree with the reasoning expressed by these courts. The plaintiff's mailings, particularly surveys, would reveal very little about governmental "affairs" or "official acts and policies" as stated

under section 1 of the Act (5 ILCS 140/1 (West 1994)). Collective bargaining negotiations are preliminary and adversarial in nature; the District's posture or strategy in the course of such negotiations cannot be said to reflect "official" government "policy." Instead, official policy could be more easily discovered in the final contracts, disclosure of which is expressly mandated under section 7(1)(q) of the Act.

The plaintiff argues that there would be no invasion of privacy, since it already has the parents' names and addresses. This argument misses the point, because it is not the disclosure of the addresses themselves that violates privacy but the proposed use of such data for uninvited home mailings. Further, applying the fourth prong of the *Margolis* test, there are alternative means by which the public could obtain the material the plaintiff seeks to disclose: if parents were especially interested in the District-union negotiations or in participating in the formulation of bargaining proposals, they could readily get the information they need directly from the union or, in the event of a threatened strike, from local news media. As the plaintiff admits, it has frequent contact with the parents in that "both the teachers and support staff in the course of their duties regularly communicate with the parents of students, the latter using the same list that is here at issue." Under the above analysis, all four prongs of the *Margolis* test suggest that disclosure is improper.

The plaintiff advances several "impediments" to the application of section 7(1), none of which has merit. In particular, it argues that the requested material is not exempt because it "bears on the duties of public employees," as stated in section 7(1)(b).

There are as yet no cases involving this particular phrase of section 7(1)(b). Obviously, the names and addresses of District parents have nothing to do with the duties of any public servant. As for the proposed use for those names, the language of section 7(1)(q) of FOIA militates against the plaintiff's position on this point. That section expressly exempts from disclosure any "[d]ocuments or materials relating to collective negotiating matters between public bodies and their employees or representatives, except that any final contract or agreement shall be subject to inspection and copying." 5 ILCS 140/7(1)(q) (West 1994). This section also exempts disclosure of information pertaining to a school district's bargaining strategy. *Illinois Educational Labor Relations Board v. Homer Community Consolidated School District No. 208*, 160 Ill. App. 3d 730, 514 N.E.2d 465 (1987). This reflects the legislature's desire that precontractual matters be immune from dissemination to the general public. Thus, the plaintiff's intended purpose contravenes rather than promotes the

Act's purpose. Accordingly, there was no error in granting summary judgment for the defendant.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HOURIHANE and SOUTH, JJ., concur.