DRURY DISPLAYS, INC., Plaintiff-Appellee, v. KIRK BROWN, Secretary of Transportation, *et al.*, Defendants-Appellants.

Fifth District    No. 5—98—0298

Opinion filed August 20, 1999.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Janon E. Fabiano, Assistant Attorney General, of counsel), for appellants.

Harry J. Sterling, of Harry J. Sterling, P.C., of Fairview Heights, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants, Kirk Brown, Secretary of Transportation, Dale I. Klohr, district engineer—District 8, and Joseph E. Crowe, Jr., program development engineer—District 8, of the Illinois Department of Transportation, appeal from an order of the circuit court of St. Clair County granting summary judgment in favor of plaintiff, Drury Displays, Inc., in an action for a writ of *mandamus* to compel defendants to reissue permits to plaintiff for a billboard that had already been constructed. The issue on appeal is whether the trial court erred in granting summary judgment for plaintiff and in denying summary judgment for defendants. We affirm.

## BACKGROUND

On July 24, 1996, plaintiff purchased property in East St. Louis, Illinois, with the intention of constructing an outdoor advertising sign. On July 25, 1996, plaintiff applied to the Illinois Department of Transportation (hereinafter the Department) for an outdoor-advertising permit for the property purchased the previous day. On August 12, 1996, permit No. 8/4277 was approved by Dale K. Klohr. The permit would expire within 180 days if a sign was not erected.

Upon receipt of the permit, plaintiff applied and submitted the appropriate fee to the City of East St. Louis for a demolition permit to remove an existing structure located on the property. The demolition permit was issued on November 14, 1996, by the City of East St. Louis. On December 17, 1996, plaintiff again applied to the City of East St. Louis, this time for a permit to construct the proposed billboard. A fee was also required for this permit. The permit was issued on January 29, 1997, by the City of East St. Louis.

On February 4, 1997, plaintiff reapplied to the Department for another permit because its first permit, No. 8/4277, was near expiration. On February 5, 1997, Klohr again approved a permit for plaintiff. The new permit was No. 8/4304. Plaintiff then proceeded with the demolition of the existing structure on the property. The demolition was completed in March of 1997. Plaintiff also ordered steel for the construction of the billboard. The billboard was completed in May 1997.

Thereafter, on June 9, 1997, Norman Sampson, a Department employee, notified plaintiff by telephone that the Department erred in issuing the permits to plaintiff and that the billboard constructed on the property might have to be removed. On June 26, 1997, Klohr and Joseph E. Crowe, Jr., issued a notice of intent to revoke the permit to plaintiff, explaining that the permit violated section 522.200(d) of the Department's regulations (92 Ill. Adm. Code § 522.200(d) (1992)). The notice specifically stated as follows:

"The District inadvertently erred when we issued Permit Nos. 8/4277 dated August 12, 1996[,] and 8/4304 dated February 5, 1997[,] to your company because the proposed sign location was less than 500 ft. from the proposed sign location of Permit Nos. 8/4240 dated February 1, 1996 (renewed), 8/4276 dated July 18, 1996[,] and 8/4299 dated January 6, 1997[,] to William P. Karius and Whiteco Outdoor Advertising.

The issuance of Permit Nos. 8/4277 and 8/4304 did not meet the standards as required under Section 522.200(d) of the [Illinois Administrative] Code. 'No such sign may be erected along the same side of an interstate highway or expressway within 500 ft. of another such sign structure or location where another such has been permitted but not yet erected.' "

After receiving this letter, plaintiff requested that the matter be reviewed.

The Department received plaintiff's review request pertaining to permits No. 8/4277 and No. 8/4304 on July 31, 1997. On October 3, 1997, David E. Schinneer, engineer of land acquisition for the Department, sent a letter advising plaintiff that he had reviewed plaintiff's

request for review and determined that the permit was unlawful. The letter stated, *inter alia*, as follows:

"I have reviewed all of the information submitted by both parties. There does not appear to be any discrepancy in the facts. Drury Displays, Inc.[,] properly applied for a business area sign at a location on Interstate 55/70 that was already covered by permit 8[/]4276 issued to William P. Karius, Jr. State law (225 ILCS 440/6.03(b)) prohibits two advertising signs within 500 feet of each other on the same side of the highway on interstate highways. A new permit (8[/]4277) was erroneously issued to Drury Displays, Inc.[,] by Mr. Norman Sampson. Both permits were subsequently renewed."

The Highway Advertising Control Act of 1971 (Act), cited in Schinneer's letter, provides in pertinent part as follows:

"(b) Along interstate highways and expressways no two sign structures on the same side of the highway shall be erected less than 500 feet apart." 225 ILCS 440/6.03(b) (West 1996).

Schinneer's letter went on to inform plaintiff that the sign it erected under permit 8/4304 was unlawful because it was in violation of both the Act and section 522.200(d) of the Illinois Administrative Code (the Code), each of which requires the same 500-foot separation between signs (225 ILCS 440/6.03(b) (West 1996); 92 Ill. Adm. Code § 522.200(d) (1991)). On October 10, 1997, Klohr and Crowe sent plaintiff a letter notifying plaintiff that it was required to remove its sign within 30 days.

In response, plaintiff filed a two-count complaint on October 29, 1997, against defendants. Count I sought a writ of *mandamus* to compel defendants to reissue the outdoor-advertising permits on the basis that the Department should be estopped from revoking the permits by the conduct of its representatives. Count II sought an injunction to prohibit defendants from removing and confiscating the billboard that plaintiff had already constructed on the property.

On January 20, 1998, defendants filed a motion for summary judgment. Defendants argued that plaintiff was not entitled to a writ of *mandamus* or an injunction because (1) it did not have a right to the permit since the permit violated section 6.03(b) of the Act (225 ILCS 440/6.03(b) (West 1996)) and (2) the Department could not be estopped by the conduct of its employees where their conduct exceeded their authority. On February 23, 1998, plaintiff filed its own motion for summary judgment. Plaintiff asserted that it was entitled to a writ of *mandamus* and an injunction estopping defendants from revoking the permit, because it was defendants' affirmative action that induced plaintiff to act and because plaintiff would suffer a substantial loss without the requested relief.

On April 13, 1998, the trial court entered an order granting plaintiff's motion for summary judgment and denying defendants' motion for summary judgment. The trial court found that plaintiff expended "$49,897.20 in reliance upon the issuance of the permits described in the complaint, which expenditure does constitute a substantial loss." Accordingly, the trial court found that defendants should be estopped by their own actions from revoking the permits. The order directed defendants to reissue to plaintiff the permits in question and enjoined defendants from "forfeiting" the sign in question. Defendants now appeal.

## ANALYSIS

The issue we are asked to address is whether the trial court erred in granting summary judgment for plaintiff and in denying summary judgment for defendants. Defendants contend that the undisputed evidence showed that the permits violated section 6.03(b) of the Act and, thus, that plaintiff did not have a right to the permits and defendants did not have the authority to issue the permits. Defendants assert that contrary to the trial court's determination, defendants should not be estopped from revoking the permits, because estoppel does not apply against the state unless there has been some positive act by state officials that induced the party asserting estoppel to act and the party would suffer a substantial loss without the relief requested. Defendants, citing *Metromedia, Inc. v. Kramer*, 152 Ill. App. 3d 459, 504 N.E.2d 884 (1987), assert that such positive acts do not include the erroneous issuance of a permit by a state official. Plaintiff responds that the trial court properly granted summary judgment in its favor because the facts establish the necessary elements for estoppel. We agree with plaintiff.

■ In Illinois, as a general rule, summary judgment is to be encouraged as an aid to the expeditious disposition of a lawsuit. See *Lavat v. Fruin Colnon Corp.*, 232 Ill. App. 3d 1013, 1023, 597 N.E.2d 888, 894 (1992). A movant may only be granted summary judgment where all the pleadings, discovery materials, admissions, and all permissible inferences, analyzed in the light most favorable to the nonmoving party, so clearly favor the movant that no fair-minded individual could dispute the movant's right to a judgment in his or her favor. See *Wysocki v. Bedrosian*, 124 Ill. App. 3d 158, 164, 463 N.E.2d 1339, 1344 (1984). On appeal, the trial court's decision to grant a summary judgment will be affirmed only if, after examining the record, there is no genuine issue of material fact and the movant was entitled to a judgment as a matter of law. See *Fremont Indemnity Corp. v. Special Earth Equipment Corp.*, 131 Ill. App. 3d 108, 112, 474 N.E.2d 926, 930 (1985).

Since the parties in the instant case agree that the facts of this case are not in dispute, we need only determine whether the trial court correctly determined that plaintiff was entitled to a judgment as a matter of law on its claim for a writ of *mandamus*. For the following reasons, we hold that the trial court correctly determined that plaintiff was entitled to a judgment as a matter of law on its claim for a writ of *mandamus*.

■ *Mandamus* is an extraordinary remedy, and the parties seeking the writ must show a clear and legal right to the requested relief, a clear duty on the part of the respondent to act, and clear authority in the respondent to comply with the terms of the writ. See *League of Women Voters v. County of Peoria*, 121 Ill. 2d 236, 243, 520 N.E.2d 626, 629 (1987). It is not a writ of right but is awarded only in the exercise of sound judicial discretion. See *League of Women Voters*, 121 Ill. 2d at 242, 520 N.E.2d at 629. *Mandamus* is a proper remedy for a party allegedly aggrieved by the wrongful refusal of an official to grant him a permit. See *Wehrmeister v. Carlman*, 17 Ill. App. 2d 171, 183-84, 149 N.E.2d 453, 460 (1958).

■ The general rule is that a government entity cannot be estopped by the conduct of one of its officers which exceeds the authority conferred upon him. See *Cities Service Oil Co. v. City of Des Plaines*, 21 Ill. 2d 157, 171 N.E.2d 605 (1961); *Space Station 2001, Inc. v. Moses*, 118 Ill. App. 3d 658, 455 N.E.2d 266 (1983). Normally, anyone dealing with a government agency assumes the risk of having ascertained whether the official or agent is acting within the bounds of his authority. See *Ganley v. City of Chicago*, 18 Ill. App. 3d 248, 309 N.E.2d 653 (1974). However, where a question of estoppel is presented, the trial court's issuance of a writ of *mandamus* may be proper if the acts of officials have constituted sufficient inducement for a party to change its position and rely thereon. See *Leisuretime Recreation Center VI, Inc. v. Byrne*, 93 Ill. App. 3d 489, 417 N.E.2d 658 (1981). To invoke the doctrine of estoppel, a party must show that he was induced by the conduct of a government agency and would suffer a substantial loss if the government agency were permitted to retract its previous representation. See *G.J.Z. Enterprises, Inc. v. City of Troy*, 208 Ill. App. 3d 21, 23, 566 N.E.2d 876, 877 (1991).

■ In the instant case, there is no question that plaintiff's billboard was in violation of section 6.03(b) of the Act and section 522.200(d) of the Code. Nevertheless, the facts establish the requisite elements necessary for plaintiff to prevail in its action for *mandamus* on the theory of equitable estoppel. First, it is undisputed that plaintiff was granted two permits after proper applications were submitted. We believe that this is sufficient to constitute inducement. See *G.J.Z. Enterprises, Inc.*,

208 Ill. App. 3d at 24, 566 N.E.2d at 878. Relying on these permits, plaintiff applied for and submitted an appropriate fee to the City of East St. Louis for the demolition of an existing building, demolished the existing building, applied for and submitted an appropriate fee to the City of East St. Louis for a permit to construct the proposed billboard, and constructed the proposed billboard. The trial court found that plaintiff expended $49,897.20 in reliance upon the issuance of permits No. 8/4277 and No. 8/4304. Accordingly, plaintiff showed it would suffer a substantial loss if the Department failed to reissue the permits and the billboard was removed. At oral argument, the Department was given the opportunity to specify what the proper remedy was for plaintiff's loss of over $49,000. The Department was unable to set forth any alternative remedy. Under these circumstances, we cannot say that the trial court abused its discretion in granting a writ of *mandamus* to compel the Department to reinstate the permit.

Defendants rely heavily on *Metromedia, Inc. v. Kramer*, 152 Ill. App. 3d 459, 504 N.E.2d 884 (1987), in support of their position that the mere fact that a permit was erroneously issued does not constitute an affirmative act by a government official necessary to invoke the doctrine of estoppel. In that case, the plaintiff, an outdoor-advertising business, filed a complaint against the Department, seeking a declaration that the revocation of its permits for the construction of billboards and the subsequent issuance of permits to a competitor were improper and seeking a writ of *mandamus* to compel the Department to reinstate its permits. See *Metromedia, Inc.*, 152 Ill. App. 3d at 460-61, 504 N.E.2d at 885. The competitor began construction of the billboards by the time the complaint was filed and sought leave to intervene, following which the plaintiff filed a second amended complaint seeking damages against the competitor for tortious interference with contractual relations and prospective economic advantages. See *Metromedia, Inc.*, 152 Ill. App. 3d at 461, 504 N.E.2d at 885-86. The parties filed cross-motions for summary judgment. On appeal, our colleagues in the First District reversed the trial court's decision to grant the writ of *mandamus*, relying on the general rule that estoppel is not available against government officials. *Metromedia, Inc.*, 152 Ill. App. 3d at 467, 504 N.E.2d at 889-90. The *Metromedia, Inc.* court first focused on the insufficiency of the plaintiff's application, finding that the Department was not estopped from enforcing a lease requirement in the application process for outdoor advertising signs because the Department's practice of permitting an outdoor advertiser to make an application without the required lease was nothing more than an informal and unauthorized arrangement. 152 Ill. App. 3d at 468, 504 N.E.2d at 890. Second, the *Metromedia, Inc.* court stated, "[T]here is nothing in the

record to show that [the plaintiff] made any expenditures in reliance on the permit or that unless the permit is reissued it will suffer a substantial loss." 152 Ill. App. 3d at 468, 504 N.E.2d at 890. The *Metromedia, Inc.* case is, therefore, distinguishable from the case at bar.

In the instant case, the parties agree that plaintiff was in complete compliance with the application process. Furthermore, plaintiff showed that unless the permit was reissued, it would suffer a substantial loss. Plaintiff spent in excess of $49,000 in demolishing the existing structure on the property and in constructing the billboard. Finally, *Metromedia, Inc.* involved an additional party, namely, a competitor of the plaintiff. The competitor was the party that began the construction of the billboard and the party who could show a loss. For these reasons, the instant case is distinguishable from *Metromedia, Inc.*.

Here, plaintiff was induced by the conduct of defendants to construct the billboard because of defendants' issuance of two permits. Plaintiff showed that it would suffer a substantial loss if the permits were not reissued. Accordingly, the trial court did not err in granting summary judgment in favor of plaintiff and against defendants.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby affirmed.

Affirmed.

CHAPMAN and MAAG, JJ., concur.