SOUTHERN ILLINOISAN, a Division of Lee Enterprises, Inc., Plaintiff-Appellee, v. THE DEPARTMENT OF PUBLIC HEALTH *et al.*, Defendants-Appellants.

Fifth District    No. 5—99—0568

Opinion filed March 28, 2001.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Jerald S. Post, Assistant Attorney General, of counsel), for appellants.

Donald M. Craven, of Craven & Thornton, P.C., of Springfield, for appellee.

Saul J. Morse and Robert John Kane, both of Illinois State Medical Society, of Springfield, *amicus curiae*.

Thaddeus J. Nodzenski, of Illinois Hospital & Healthsystems Association, of Naperville, *amicus curiae*.

Bruce N. Cook, of Cook, Shevlin, Ysursa, Brauer & Bartholomew, Ltd., of Belleville, and Richard J. O'Brien, Jr., of Sidley & Austin, of Chicago, for *amici curiae* Illinois Trial Lawyers Association and Illinois Press Association.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

The Southern Illinoisan, a division of Lee Enterprises, Inc., issued a letter on October 28, 1997, to the Illinois Department of Public Health (the Department), asking for copies of the documents relating to the incidence of neuroblastoma from 1985 to the date of the letter, as they were available by the type of cancer, zip code, and date of diagnosis. The Department denied the Southern Illinoisan's request, citing the medical studies statute (735 ILCS 5/8—201 *et seq.* (West 1998)) as the basis for the exemption from disclosure. In response, the Southern Illinoisan filed a complaint in the circuit court under the Freedom of Information Act (FOIA) (5 ILCS 140/1.1 *et seq.* (West 1998)), seeking an order requiring the release of the requested information. The Department raised affirmative defenses, citing the medical studies statute and the Illinois Health and Hazardous Substances Registry Act (Cancer Registry Act) (410 ILCS 525/1 *et seq.* (West 1998)).

The parties filed cross-motions for judgment on the pleadings, partial summary judgment, and/or summary judgment. On December 31, 1998, the circuit court issued an order granting the plaintiff's motion for judgment on the pleadings and partial summary judgment and denying the Department's cross-motion for summary judgment. The court ordered the defendants to produce that portion of the Illinois Cancer Registry (Cancer Registry) which lists the type of cancer, date of diagnosis, and zip code of each cancer patient from 1985 to the date of the order. The parties were further ordered not to use the resulting information to identify or to attempt to identify or contact cancer patients. In a subsequent order, the court allowed the plaintiff's petition for attorney fees.

The defendants appeal from the circuit court's orders and raise two issues on appeal: first, whether the order requiring the Department to release the information must be reversed and, second, whether

the court erred in assessing the plaintiff's attorney fees against the Department. We reverse and remand for further proceedings.

■ The FOIA requires the full disclosure of public records unless the desired information is exempted under clearly delineated statutory language. *Local 1274 v. Niles Township High School, District 219*, 287 Ill. App. 3d 187, 190, 678 N.E.2d 9, 11 (1997); 5 ILCS 140/3(a) (West 1998). The public body has the burden of proving that the records in question fall within the exemption it has claimed. *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 408, 680 N.E.2d 374, 377 (1997). In this case the Department claims that the statutory exemption found in section 7(1)(b)(i) of the FOIA precludes the dissemination of the information requested here.

"(1) The following shall be exempt from inspection and copying:
\*\*\*

> (b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. \*\*\* Information exempted under this subsection (b) shall include but is not limited to:
>
>> (i) files and personal information maintained with respect to clients, patients, residents, students[,] or other individuals receiving *social, medical, educational, vocational, financial, supervisory[,]* or *custodial care or services directly or indirectly* from federal agencies or public bodies[.]" 5 ILCS 140/7(1)(b)(i) (West 1998).

Attached to the Department's memorandum that was submitted to the trial court was the affidavit of Mark J. Schmidt, assistant director of the Department. Schmidt noted that neuroblastoma is a rare childhood cancer and that instances of neuroblastoma are reported to the Department and contained in the Cancer Registry. He stated that the Cancer Registry "contains files and personal information maintained with respect to clients, patients, residents, students, or other individuals receiving social, medical, educational, vocational, financial, supervisory[,] or custodial care or services from public bodies, including but not limited to the Illinois Department of Corrections."

The Department argues that consideration of Schmidt's affidavit requires a conclusion that the section 7(1)(b)(i) exemption precludes the dissemination of the requested information. Although Schmidt stated that the requested information fell within the language of the statute, it is evident that Schmidt's statement is merely a conclusion without any supporting facts. We conclude that section 7(1)(b)(i) of the FOIA does not expressly exempt the particular information requested here.

■ The Southern Illinoisan's request was for documents relating to the incidence of neuroblastoma. It is believed that this information is available by the type of cancer, date of diagnosis, and zip code. Section 7(1)(b)(i) does not expressly state that the disclosure of this information would constitute a clearly unwarranted invasion of personal privacy. If information is not expressly exempted under section 7(1)(b)(i), it is appropriate to consider various factors in determining whether the information is exempt. In determining if information falls within the personal-information exemption of the FOIA, the court balances the plaintiff's interest in disclosure, the public's interest in disclosure, the degree of invasion of personal privacy, and the availability of alternative means of obtaining the requested information. *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 409, 680 N.E.2d 374, 378 (1997).

The plaintiff's interest here is clear. As attested by Tom Woolf, metro editor of the Southern Illinoisan, Lee Enterprises, Inc., is the publisher of the most-circulated daily newspaper in the region, and it is uniquely qualified to receive and report on the information requested. As Woolf stated, "If there are clusters of neuroblastoma in Southern Illinois, similar to the cluster in Taylorville, we want to know that."

As for the public's interest in disclosure, the Cancer Registry Act itself states that the purpose of the registry is to monitor incidence trends of cancer and to inform citizens about the risks, early detection, and treatment of cancers whose incidence is known to be elevated in their communities. 410 ILCS 525/1 *et seq.* (West 1998). As Lawrence Gostin, who has written on the topic of health information and privacy, states:

> "[Health] data can help track the incidence, patterns, and trends of injury and disease in populations.
>
> * * *
>
> *** Tracking disease and injury in the population and providing well-targeted prevention services can reduce morbidity and mortality in the community more effectively and inexpensively than technologically advanced medical services. By providing public health access to comprehensive data on injuries and diseases within broad populations, society can achieve remarkable benefits for the vitality of the community." L. Gostin, *Health Information Privacy*, 80 Cornell L. Rev. 451, 482-84 (1995).

Clearly, there are strong reasons for the broad collection and use of health data. However, with any dissemination of information there may be a trade-off in the loss of privacy.

Health records include a vast amount of personal and private in-

formation. It is elementary that if access to sensitive and personal information is more open, it becomes more difficult to prevent the uses that may stigmatize or otherwise harm the subjects of that information. Therefore, when the disclosure of information that applies to a particular individual is sought from government records, courts must determine whether the release of the information would constitute a clearly unwarranted invasion of that person's privacy. *United States Department of State v. Washington Post Co.*, 456 U.S. 595, 602, 72 L. Ed. 2d 358, 364-65, 102 S. Ct. 1957, 1961-62 (1982).

Here, even assuming that the information sought (type of cancer, date of diagnosis, and zip code) could be used to determine the identities of persons, we do not believe that the degree of the invasion of those persons' privacy rises to the level of "a clearly unwarranted invasion of personal privacy" that is required by section 7(1)(b).

As the first two variables in our balancing test demonstrate, the degree of the plaintiff's interest in disclosure and the public's interest in disclosure are high. Under the circumstances, the Southern Illinoisan's stated purpose for the disclosure of the requested information is consistent with the General Assembly's stated purpose for collecting the data:

"(b) It is the purpose of this Act to establish a unified Statewide project to collect, compile[,] and correlate information on public health and hazardous substances. Such information is to be used to assist in the determination of public policy *and to provide a source of information for the public*, except when public disclosure of the information would violate the provisions of subsection (d) of Section 4 concerning confidentiality.

(c) In particular, the purpose of the collection of cancer incidence information is to:

(1) monitor incidence trends of cancer to detect potential public health problems, predict risks[,] and assist in investigating cancer clusters;

(2) more accurately target intervention resources for communities and patients and their families;

(3) *inform health professionals and citizens about risks*, early detection[,] and treatment of cancers known to be elevated in their communities; and

(4) promote high quality research to provide better information for cancer control and to address public concerns and questions about cancer." (Emphasis added.) 410 ILCS 525/2(b), (c) (West 1998).

Also relevant are the Illinois House debates, where Representative Barnes stated:

"House Bill 3038 creates the Illinois Health and Hazardous

Substance Registry Act and the Illinois Cancer Registry Act, and the purpose of the legislation is to create a single data basis [*sic*] in order to interrelate environmental and public health data. And the Illinois Cancer Council \*\*\* really want[s] to find out what causes all the cancer and hazardous related problems so that, maybe, they can come up with some answers." 83d Ill. Gen. Assem., House Proceedings, May 25, 1984, at 41 (statement of Representative Barnes).

■ The fourth factor in determining if the requested information falls within the personal-information exemption of the FOIA—the availability of alternative means of obtaining the requested information—also favors public access. The main purpose of the FOIA is to provide the public easy access to government information, and the exemptions of section 7 should not be construed to defeat that purpose. *Lieber v. Southern Illinois University*, 279 Ill. App. 3d 553, 563, 664 N.E.2d 1155, 1161 (1996), *aff'd*, 176 Ill. 2d 401, 680 N.E.2d 374 (1997). Access to the cancer data via the Cancer Registry is the Southern Illinoisan's only practicable means for discovering the information sought.

■ The significance of disclosure and the fact that there is no practical alternative means of obtaining the requested information outweigh the minimal intrusion resulting from the release of the requested data for those patients whose identity could possibly be detected. Thus, we conclude that the Department did not meet its burden of proving that the FOIA's section 7(1)(b)(i) exemption applies here.

■ The Department also argues that the statutory exemption in section 7(1)(a) of the FOIA (5 ILCS 140/7(1)(a) (West 1998)), which exempts from release information specifically prohibited from disclosure by federal or state law, precludes the release of the information. Specifically, the state law to which section 7(1)(a) refers is section 4(d) of the Cancer Registry Act (410 ILCS 525/4(d) (West 1998)), which provides:

"The identity, or any group of facts that tends to lead to the identity, of any person whose condition or treatment is submitted to the Illinois Health and Hazardous Substances Registry is confidential and shall not be open to public inspection or dissemination." 410 ILCS 525/4(d) (West 1998).

The Department argues that the statutory phrase "group of facts that tends to lead to the identity" means that any data which could be used alone, or in conjunction with other data from any source to identify patients, is exempt from disclosure. The Department maintains that, given the affidavit of its expert, LaTanya Sweeney, the

Department appropriately denied the Southern Illinoisan's information request.

LaTanya Sweeney attested that she has lectured and published books and articles on the topic of the ability to identify persons described in medical data. Sweeney stated that she obtained information from the Illinois Cancer Registry that included the type of cancer, date of diagnosis, and zip code and then conducted an experiment to determine if specific persons could be identified from only those three fields of information. She stated that even though the information she received had explicit identifiers such as names, addresses, and telephone numbers removed, she could show how persons can be reidentified from the Cancer Registry when only the type of cancer, date of diagnosis, and zip code are provided. Sweeney further stated that her experiment shows that a significant number of individuals in the general public with access to a personal computer, using traditional database software, who purchase or acquire public data sets will be able to reidentify individuals in the Cancer Registry.

The plaintiff argues that the trial court properly granted summary judgment in its favor because Sweeney's affidavit is conclusory and provides no factual basis on which the Department could meet its burden of proof. We disagree with the former contention. Sweeney's affidavit is not conclusory.

■ Under Supreme Court Rule 191(a) (145 Ill. 2d R. 191(a)), an affidavit submitted in connection with a motion for summary judgment shall be made on the personal knowledge of the affiant and shall consist not of conclusions but of facts admissible in evidence. Sweeney's affidavit contains an explanation of the experiment that Sweeney conducted in an attempt to reidentify persons within the Cancer Registry using data provided. Her affidavit is not conclusory or inadmissible. The affidavit does, however, raise a material issue of fact, namely, "Is the requested data that which tends to lead to the identity of any person whose condition is submitted to the Department?"

■ A movant may only be granted summary judgment where all the pleadings, discovery materials, admissions, and permissible inferences, analyzed in the light most favorable to the nonmoving party, so clearly favor the movant that no fair-minded individual could dispute the movant's right to a judgment in his or her favor. *Drury Displays, Inc. v. Brown*, 306 Ill. App. 3d 1160, 1164, 715 N.E.2d 1230, 1234 (1999). On appeal, the trial court's decision to grant a summary judgment will be affirmed only if, after examining the record, there is no genuine issue of material fact and the movant was entitled to a judgment as a matter of law. See *Fremont Indemnity Co. v. Special Earth Equipment Corp.*, 131 Ill. App. 3d 108, 112, 474 N.E.2d 926, 930 (1985).

■ The phrase "group of facts that tends to lead to the identity" must mean any group of facts that *reasonably* would tend to lead to the identity of specific persons. The entire purpose of the Cancer Registry Act (see 410 ILCS 525/2(b), (c) (West 1998)) would be effectively repealed by subsection 4(d) if we did not impose the reasonableness requirement, because any fact, no matter how unrelated to identity, can tend to lead to identity and, therefore, any and every fact would be exempt under subsection 4(d). However, since one purpose of the Cancer Registry Act is to provide information to the public, this cannot be what the legislature intended. If, however, one reads the statutory phrase as precluding the release of information that *reasonably* would tend to lead to identity, some information is exempt, while other information is not exempt. In our judgment, whether the information sought in this case would reasonably tend to lead to the identity of particular individuals presents a question of fact.

The trial court was presented with Sweeney's affidavit, which raised a factual question as to the identifying capability of the data requested by the plaintiff. Because a material question of fact was presented, the trial court erred in entering summary judgment. Therefore, we remand this cause to the trial court for further proceedings to determine the answer to the question of fact: Will the information sought reasonably tend to lead to the identity of any person whose condition or treatment is submitted to the Cancer Registry?

In light of our decision, we need not reach the issue of whether the information sought from the Cancer Registry is exempt from disclosure under the medical studies statute (735 ILCS 5/8—2101 *et seq.* (West 1998)).

■ Finally, in addition to ordering the Department to release information from the Cancer Registry, the circuit court awarded the Southern Illinoisan attorney fees pursuant to section 11(i) of the FOIA (5 ILCS 140/11(i) (West 1998)). That section provides:

"If a person seeking the right to inspect or receive a copy of a public record substantially prevails in a proceeding under this Section, the court may award such person reasonable attorneys' fees if the court finds that the record or records in question were of clearly significant interest to the general public and that the public body lacked any reasonable basis in law for withholding the record." 5 ILCS 140/11(i) (West 1998).

■ We note that in the past the Department has been, in our judgment, clearly wrong in withholding documents from people who were authorized to obtain their release. *Buss v. Edwards*, 203 Ill. App. 3d 992, 561 N.E.2d 356 (1990), and *May v. Central Illinois Public Service Co.*, 260 Ill. App. 3d 41, 633 N.E.2d 97 (1994), are examples. In

*Buss,* the Department refused to produce the minor plaintiff's Apgar scores, although the plaintiff had only requested her own records from the Department. In *May,* the Department refused to release any documents relating to its investigation of the Taylorville CIPS site and the outbreak of neuroblastoma, even though part of what was sought were the plaintiff's own records, materials that were clearly required to be produced. *May v. Central Illinois Public Service Co.,* 260 Ill. App. 3d 41, 633 N.E.2d 97 (1994). Although the Department has a history of inexcusable noncompliance, we do not find that conduct present in this litigation, because there exists a material question of fact for which this cause must be remanded. Therefore, we find the trial court's award of attorney fees to be premature at this time. The trial court's award of attorney fees is reversed.

In conclusion, we believe that it is unrealistic to try to mold a public health information system that promises both the ready availability of information and absolute privacy. Public health data collection is a worthwhile cause in the name of reducing morbidity and mortality. Although the strict confidentiality of health data is a noble cause and is worthy of statutory protections, ultimately a balance must be struck between public health concerns and privacy concerns.

Here, the Department did not meet its burden of proving that the FOIA section 7(1)(b)(i) exemption applies. However, because the question "Will the information sought reasonably tend to lead to the identity of any person whose condition or treatment is submitted to the Cancer Registry?" is a material question of disputed fact, the trial court erred in entering summary judgment as to section 4(d) of the Cancer Registry Act. On remand the court is free to consider additional evidence on this issue. The summary judgment is reversed, and this cause is remanded for further proceedings. In addition, the trial court's award of the plaintiff's attorney fees is reversed.

Reversed; cause remanded.

WELCH and GOLDENHERSH, JJ., concur.